Katherine J. Ellena (SBN 324160)
kellena@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Michael B. Galibois (*pro hac vice*)
mgalibois@reedsmith.com
Emily Graue (*pro hac vice*)
egraue@reedsmith.com
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: +1 312.207 1000
Facsimile: +1 312.207 6400

*Attorneys for Defendant,*
Rokoko Electronics, *et al.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW R. WALSH<br><br>Plaintiff,<br><br>vs.<br><br>ROKOKO ELECTRONICS, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 2:25-cv-05340-ODW-RAO<br><br>[*Assigned to Hon. Otis D. Wright, II, Courtroom 5D*]<br><br>**DEFENDANT ROKOKO ELECTRONICS' NOTICE OF MOTION TO DISMISS AND MOTON TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       August 4, 2025<br>Time:      1:30 p.m.<br>Place:     Dept. 5D<br><br>[*Concurrently filed with Declaration of Katherine Ellena; Request for Judicial Notice; and [Proposed] Order*]<br><br>State Court Action Filed: May 12, 2025<br>Removal Date: June 12, 2025<br>Trial Date: None |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE HONORABLE COURT, THE CLERK, AND PLAINTIFF APPEARING PRO SE:**

PLEASE TAKE NOTICE that on **August 4, 2025**, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of Judge Otis D. Wright, II, located at 350 W. 1st Street, Los Angeles, CA 9012, Defendant Rokoko Electronics ("Rokoko") will and hereby does move the Court for an order dismissing the Complaint filed by Plaintiff Matthew R. Walsh in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that the Plaintiff lacks subject matter jurisdiction with respect to certain causes of action and has failed to state a claim upon which relief can be granted as to all causes of action.

This Motion is made following the June 19, 2025 and June 26, 2025 meet and confer discussions between counsel for Rokoko and the Plaintiff pursuant to Local Rule 7-3. *See* Certification of Katherine Ellena attached hereto.

This Motion to Dismiss is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, Request for Judicial Notice, all of the pleadings, filings, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument and evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  June 26, 2025                    REED SMITH LLP

By: /s/ Katherine J. Ellena
Katherine J. Ellena
Michael Galibois (*pro hac vice*)
Emily Graue (*pro hac vice*)

*Attorneys for Defendant*
*Rokoko Electronics*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**Page**

I.    INTRODUCTION ............................................................................ 1

II.   BACKGROUND ............................................................................ 2

III.  ARGUMENT .................................................................................. 3

    A.    Legal Standards. .................................................................... 3

        1.    Federal Rule of Civil Procedure 9(b) .......................... 3

        2.    Federal Rule of Civil Procedure 12(b)(1) .................... 3

        3.    Federal Rule of Civil Procedure 12(b)(6) .................... 4

    B.    Plaintiff Fails To Properly Plead His Tortious Interference Claim. ................................................................................... 4

    C.    Plaintiff's Claim For Violations Of The Song-Beverly Act Fail As A Matter Of Law. ............................................................ 6

    D.    Plaintiff False Advertising Claim Fails As A Matter Of Law. ................. 8

    E.    Plaintiff's Claims For UCL And CLRA Fail As A Matter Of Law. ................................................................................... 9

        1.    Plaintiff Has Not Alleged That Rokoko Was Aware Of A Defect At The Time Of Sale. .......................................... 9

        2.    Plaintiff Is Not A "Consumer" Within The Meaning Of CLRA. ...................................................................... 10

        3.    Plaintiff Failed To Comply With CLRA's Pre-Suit Notice Requirements .................................................. 10

        4.    Plaintiff's UCL Claim Is Derivative Of His CLRA and Song-Beverly Act Claims. .......................................... 11

    F.    Plaintiff's Claim For "Misappropriation Of Intellectual Property" Fails As A Matter Of Law. ...................................... 11

        1.    Plaintiff Has Not Identified Any Purported Trade Secret With The Requisite Specificity ...................................... 12

        2.    Plaintiff Has Failed To Plead A Misappropriation ...... 13

    G.    Plaintiff's Intellectual Property Infringement Claim Fails As A Matter Of Law .................................................................... 15

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

H.   Plaintiff Fails To State A Claim Under the Digital Millenium Copyright Act. ........................................................................... 15

    1.   Plaintiff Lacks Standing Due To Failure To Allege A Cognizable Injury. .................................................................. 15

    2.   Plaintiff Fails To State A Claim Under § 1202(b)(1). ................. 16

I.   Plaintiff's "Unconscionable Contract Terms" Claim Fails As A Matter Of Law. ..................................................................... 17

J.   Plaintiff's Claim For "Illegal Deployment Of Code & Privacy Violations" Fails As A Matter Of Law. ....................................... 17

K.   Plaintiff's Fraud-Based Claims Fail As A Matter Of Law. ............. 19

    1.   Plaintiff Has Not Sufficiently Pled Claims For Fraud In The Inducement, Fraudulent Misrepresentation Or Fraudulent Concealment. ........................................................ 20

    2.   Plaintiff's Fraud Claims Are Also Barred By The Economic Loss Doctrine. ................................................... 21

IV.   CONCLUSION ............................................................................ 22

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004) ............................................................................13

*Alan Ross Mach. Corp. v. Machinio Corp*,
  2019 WL 1317664 (N.D. Ill. Mar. 22, 2019) ....................................................16

*Allen v. Similasan Corp.*,
  2013 WL 5436648 (S.D. Cal. Sept. 27, 2013) ...................................................11

*Baba v. Hewlett-Packard Co.*,
  2011 WL 317650 (N.D. Cal. Jan. 28, 2011)..........................................................9

*Balsam* v. *Trancos, Inc.*,
  203 Cal. App. 4th 1083 (2012) ...........................................................................10

*Baltazar v. Apple Inc.*,
  No. CV-10-3231-JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ....................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................4

*Birdsong v. Apple Inc.*,
  590 F.3d 955 (9th Cir. 2009) .................................................................................6

*Carrau v. Marvin Lumber & Cedar Co.*,
  93 Cal. App. 4th 281 (2001) ..................................................................................7

*Chrisman v. City of Los Angeles*,
  155 Cal. App. 4th 29 (2007) ................................................................................19

*CleanFish, LLC v. Sims*,
  No. 19-CV-03663-HSG, 2020 WL 4732192 (N.D. Cal. Aug. 14, 2020) ............................................................................................................12

*Colony Cove Props., LLC v. City of Carson*,
  640 F.3d 948 (9th Cir. 2011) .................................................................................4

*Consumer Advocs.* v. *Echostar Satellite Corp.*,
  113 Cal. App. 4th 1351 (2003) ............................................................................10

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

*Cooper* v. *Pickett,*
    137 F.3d 616 (9th Cir. 1997) .............................................................................20

*Crown Imports, LLC v. Superior Court,*
    223 Cal. App. 4th 1395 (2014) ............................................................................5

*Cytodyn, Inc. v. Amerimmune Pharm., Inc.,*
    160 Cal. App. 4th 288 (2008) .............................................................................13

*Daniels-Hall v. National Educ. Ass'n,*
    629 F.3d 992 (9th Cir. 2010) ...............................................................................4

*Davidson v. Apple, Inc.,*
    No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) .............3

*Davis v. FEC,*
    554 U.S. 724 (2008)............................................................................................16

*Dean Witter Reynolds, Inc. v. Superior Court,*
    211 Cal. App. 3d 758 (1989) ..............................................................................17

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
    11 Cal. 4th 376 (1995) ..........................................................................................5

*Durell v. Sharp Healthcare,*
    183 Cal. App. 4th 1350 (2010) ............................................................................9

*Epicor Software Corp. v. Alternative Tech. Solutions, Inc.,*
    2013 WL 12130024 (C.D. Cal. Dec. 2, 2013)....................................................13

*Falkner v. Gen. Motors LLC,*
    393 F. Supp. 3d 927 (C.D. Cal. 2018) ................................................................16

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.,*
    483 F. Supp. 3d 838 (C.D. Cal. 2020)................................................................21

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC,*
    139 S. Ct. 881 (2019)..........................................................................................15

*Frenzel v. AliphCom,*
    76 F. Supp. 3d 999 (N.D. Cal. 2014)..................................................................11

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.,*
    462 F.3d 1072 (9th Cir. 2006) ............................................................................15

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*,
    No. CV 15-04125 MMM, 2015 WL 12731920 (C.D. Cal. Sept. 21,
    2015) ................................................................................................. 12

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ............................................................. 20

*Goldstein v. Gen. Motors LLC*,
    517 F. Supp. 3d 1076 (S.D. Cal. 2021) ............................................. 21

*In re Google Android Consumer Priv. Litig.*,
    2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ................................... 19

*Granny Goose Foods, Inc.* v. *Bhd. of Teamsters & Auto Truck Drivers
    Local No. 70 of Alameda Cty.*,
    415 U.S. 423 (1974) ........................................................................... 20

*Harrington v. Pinterest, Inc.*,
    No. 5:20-cv-05290-EJD, 2022 WL 4348460 (N.D. Cal. Sep. 19, 2022) .......... 17

*Hinesley v. Oakshade Town Center*,
    135 Cal. App. 4th 289 (2005) ............................................................ 20

*Ingels v. Westwood One Broadcasting Services, Inc.*,
    129 Cal. App. 4th 1050 (2005) .......................................................... 11

*Integral Dev. Corp. v. Tolat*,
    2013 WL 5781581 (N.D. Cal. Oct. 25, 2013) .................................... 18

*Javorsky v. Western Athletic Clubs, Inc.*,
    242 Cal. App. 4th 1386 (2015) .......................................................... 11

*Jensen v. BMW of North America, Inc.*,
    35 Cal. App. 4th 112 (1995) ................................................................ 7

*Jones v. Credit Auto Center, Inc.*,
    237 Cal. App. 4th Supp. 1 (2015) ........................................................ 6

*Jones v. Wells Fargo Bank*,
    112 Cal. App. 4th 1527 (2003) .......................................................... 17

*Khan v. Citimortgage Inc.*,
    975 F. Supp. 2d 1127 .......................................................................... 20

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– v –

*Knievel v. ESPN,*
   393 F.3d 1068 (9th Cir. 2005) ........................................................................4

*Lazar* v. *Superior Court,*
   12 Cal. 4th 631 (1996) ..................................................................................20

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) .........................................................................................3

*LVRC Holdings LLC v. Brekka*
   (9th Cir. 2009) 581 F.3d 1127 .....................................................................18

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.,*
   2019 WL 6655274 (C.D. Cal. 2019) ............................................................13

*Magic Laundry Servs., Inc. v. Workers United Serv. Emps. Int'l Union,*
   No. CV-12-9654-MWF, 2013 WL 1409530 (C.D. Cal. Apr. 8, 2013) .............12

*Mandani v. Volkswagen Grp. of Am., Inc.,*
   No. 17-CV-07287-HSG, 2020 WL 3961975 (N.D. Cal. July 13, 2020)..........7, 8

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
   519 F.3d 1025 (9th Cir. 2008) ........................................................................4

*Mexia v. Rinker Boat Co., Inc.,*
   174 Cal. App. 4th 1297 (2009) ...............................................................6, 7, 8

*Mills v. Netflix, Inc.,*
   No. CV 19-7618-CBM-(AGRx), 2020 WL 548558 (C.D. Cal. Feb. 3, 2020) ........................................................................................................17

*Moran v. Prime Healthcare Mgmt., Inc.,*
   3 Cal. App. 5th 1131 (2016) .........................................................................10

*name.space, Inc. v. Internet Corp. for Assigned Names & Numbers,* No. CV 12-8676 PA, 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013) (Anderson, J.), *aff'd,* 795 F.3d 1124 (9th Cir. 2015) ................................5

*New Show Studios LLC v. Needle,*
   No. 2:14-cv-01250-CAS, 2014 WL 2988271 (C.D. Cal. June 30, 2014) ........................................................................................................19

*Pac. Pulp Molding, Inc. v. Burchfield,*
   2016 U.S. Dist. LEXIS 153769 (S.D. Cal. Jan. 26, 2016) .............................7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

*Pac. Steel Grp. v. Com. Metals Co.*,
600 F. Supp. 3d 1056 (N.D. Cal. 2022) ................................................................5

*People v. Gentry*,
234 Cal. App. 3d 131 (1991) ..............................................................................18

*Perkins v. LinkedIn Corp.*,
53 F. Supp. 3d 1190 (N.D. Cal. 2014) ................................................................19

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
34 Cal. 4th 979 (2004) ........................................................................................21

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*,
2 Cal. 5th 505 (2017) ............................................................................................5

*Roybal v. Equifax*,
2008 WL 4532447 (E.D. Cal. Oct. 9, 2008) ......................................................11

*S. California Inst. of Law v. TCS Educ. Sys.*,
No. CV 10-8026 PSG, 2011 WL 1296602 (C.D. Cal. Apr. 5, 2011) .................12

*Seldin v. HSN, Inc.*,
2018 WL 3570308 (S.D. Cal. July 25, 2018) .....................................................10

*Shaeffer v. Califia Farms, LLC*,
44 Cal. App. 5th 1125 (2020) .............................................................................10

*Sheen v. Wells Fargo Bank, N.A.*,
12 Cal. 5th 905 (2022) ........................................................................................21

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016).................................................................................................3

*Steele v. Bongiovi*,
784 F. Supp. 2d 94 (D. Mass. 2011) ...................................................................16

*Stevens v. Corelogic, Inc.*,
899 F.3d 666 (9th Cir. 2018) ..............................................................................16

*Stevens v. Harper*,
213 F.R.D. 358 (E.D. Cal. 2002) ..........................................................................4

*Stewart v. Electrolux Home Products, Inc.*,
2018 WL 339059 (E.D. Cal. Jan. 9, 2018) .....................................................9, 10

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ................................................................................ 4

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) .............................................................................. 16

*Ebeid ex rel. U.S. v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) ................................................................. 3

*Veronica Foods Co. v. Ecklin*,
    No. 16-CV-07223-JCS, 2017 WL 2806706 (N.D. Cal. June 29, 2017) ........... 13

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ............................................................... 9

**Statutes**

17 U.S.C. § 1202(b) ..................................................................................... 16

17 U.S.C. § 1203(a) ..................................................................................... 15

18 U.S.C. § 1030(a)(1)-(7) ........................................................................... 18

Bus. & Prof. Code § 17500 ............................................................................ 8

Cal. Civ. Code § 1761(d) ............................................................................. 10

Cal. Civ. Code § 1770 ................................................................................. 10

Cal. Civ. Code § 1782 ................................................................................. 11

Cal. Civ. Code § 1791(a) ............................................................................... 6

Cal. Civ. Code § 1791.1 ................................................................................ 7

Cal. Civ. Code § 1791.3 ............................................................................. 6, 8

Cal. Civ. Code § 1792 ............................................................................... 6, 8

Cal. Civ. Code § 3426.1(a) .......................................................................... 13

Cal. Civ. Code § 3426.1(b) .......................................................................... 13

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

Penal Code § 502 ...................................................................................................18

Penal Code § 502(b)(1)..........................................................................................19

Uniform Com. Code: § 2725 ...............................................................................7, 8

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................3

Fed. R. Civ. P. 12(b)(6) .........................................................................................4

Fed. R. Civ. P. 81(c) .............................................................................................20

**Other Authorities**

https://support.rokoko.com/hc/en-us/articles/29449288418065-Rokoko-
    Vision-Terms-of-Use..........................................................................................14

https://www.rokoko.com/terms ...............................................................................8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

# I.    INTRODUCTION

This action arises out of the sale of several Rokoko Electronics ("Rokoko") products to Plaintiff in 2020, 2021, and 2023.  In his Complaint, Plaintiff asserts fourteen causes of action, all of which fail to state a claim upon which relief may be granted and should be dismissed with prejudice for the following reasons.

*First*, Plaintiff has failed to satisfy the elements of a tortious interference claim, instead asserting vague and conclusory allegations that he has "valid contracts" with third parties that have been impacted by Rokoko.  Such "valid contracts" are not pled with any specificity, nor are there any allegations that Rokoko had actual knowledge of those contracts, that Rokoko intentionally acted in an effort to disrupt those contracts, or that Plaintiff has suffered any damages as a result that were proximately caused by Rokoko.

*Second*, Plaintiff's claim under California's Song-Beverly Consumer Warranty Act fails as a matter of law because Plaintiff admits that he purchased Rokoko's product for his video game production (a commercial use to which Song-Beverly does not apply), any warranty on Rokoko's hardware products was limited to one year after delivery (which it is permitted to do under the law), and Rokoko has expressly disclaimed any warranties with respect to Plaintiff's use of its Services (which it is also permitted to do under the law).

*Third*, Plaintiff has not pled any of the necessary elements of a false advertising claim, which is solely premised on Rokoko's disclaimer of warranties with respect to its Services.  The Complaint is devoid of any allegations that there was a misrepresentation, that Plaintiff justifiably relied on that misrepresentation, or that Rokoko intended to deceive Plaintiff.

*Fourth*, Plaintiff's UCL and CLRA claims fail as a matter of law for several reasons.  Plaintiff has not sufficiently alleged that Rokoko was aware of any purported defect in its products at the time of sale, Plaintiff is not a "consumer" within the meaning of CLRA, Plaintiff failed to comply with CLRA's pre-suit notice requirements, and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff's UCL claim is derivative of his insufficient Song-Beverly and CLRA claims.

*Fifth*, Plaintiff's misappropriation and infringement claims fail as a matter of law because Plaintiff has failed to sufficiently allege what exactly he claims constitutes protected intellectual property or that any such property was misappropriated by Rokoko.

*Sixth*, Plaintiff's DMCA claim fails as a matter of law because Plaintiff failed to make an affirmative showing that Rokoko intentionally removed or altered CMI.

*Seventh*, Plaintiff's claim for "unconscionable contract terms" is not a proper cause of action and therefore fails as a matter of law.

*Eighth*, Plaintiff's claim for "illegal deployment of code and privacy violations" fails as a matter of law because he has not alleged a cognizable claim under the CFAA and CDAFA.

*Lastly*, all of Plaintiff's fraud claims fails as a matter of law because he has not satisfied any of the necessary elements—let alone the heightened pleading standard under FRCP 9(b).

## II.    BACKGROUND

Rokoko is a developer of motion capture and animation technology products principally located in Copenhagen, Denmark.  Compl., 7:23-25.  Plaintiff, a self-proclaimed video game developer, purchased products from Rokoko on August 28, 2020, September 10, 2020, and April 7, 2023.  *See* Request for Judicial Notice ("RJN"), Exs. 1-3.

On May 12, 2025, Plaintiff filed the Complaint that is the subject of this action in the Superior Court of California (the "State Court Action") in *pro per*.  Dkt. No. 1-1.  On May 14, 2025, Rokoko was personally served with a copy of the Complaint and, on June 12, 2025, Defendant removed the State Court Action to the United States District Court, Central District of California.  Dkt. Nos. 1; 1-2.

The Complaint contains unfounded allegations that Rokoko has refused to provide replacement hardware or parts for the products Plaintiff purchased and that

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Rokoko has somehow violated various laws through "an international enterprise allegedly built on deception, fraud, and the unauthorized commercialization of user-created intellectual property." Compl., 5:25-26.

Plaintiff's 80-page Complaint asserts fourteen separate "causes of action" ranging from tortious interference, to various fraud-based claims, to misappropriation of intellectual property.

## III.    ARGUMENT

### A.    Legal Standards.

#### 1.    Federal Rule of Civil Procedure 9(b).

Rule 9(b) requires that claims grounded in fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this heightened standard, "claims sounding in fraud must allege 'an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *4 (N.D. Cal. Mar. 14, 2017) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)) (per curiam). When asserting a fraud-based claim, the plaintiff must also set forth "what is false or misleading about a statement, and why it is false." *Id.* (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

#### 2.    Federal Rule of Civil Procedure 12(b)(1).

The Article III "case or controversy" requirement "ensure[s] that federal courts do not exceed their authority" by limiting their subject matter jurisdiction to cases in which plaintiffs have standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To plead Article III standing, "the plaintiff must 'clearly ... allege facts demonstrating'" that it has suffered an injury in fact, i.e. "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 338–339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Where a defendant challenges a plaintiff's Article III standing based on the insufficiency of the allegations in the complaint, a court applies the same standard

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

of review it applies on a motion to dismiss under Rule 12(b)(6).  *See Stevens v. Harper*,
213 F.R.D. 358, 370 (E.D. Cal. 2002) ("On a motion to dismiss for lack of standing, ...
the court is not obliged to accept allegations of future injury which are overly
generalized, conclusory, or speculative" and "[i]n the absence of such specific factual
allegations, the court may not assume that jurisdiction exists by 'embellishing otherwise
deficient allegations of standing.'" (cleaned up); *see also Colony Cove Props., LLC v.
City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (applying *Iqbal*'s standards to a
motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim).

### 3.    Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) requires dismissal of complaints that "fail to state a claim upon
which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6)
motion, a complaint's "[f]actual allegations must be enough to raise a right to relief
above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
This "requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do."  *Id.*

In ruling on a FRCP 12(b)(6) motion, "courts are not bound to accept as true a
legal conclusion couched as a factual allegation."  *Id.* (citation omitted).  Courts also do
not have to "accept as true allegations...that are merely conclusory, unwarranted
deductions of fact, or unreasonable inferences."  *Daniels-Hall v. National Educ. Ass'n*,
629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025, 1031 (9th Cir. 2008)).  On such a motion, the Court may consider
"documents incorporated into the complaint by reference, and matters of which a court
may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,
322 (2007).  The Court may also consider exhibits attached to a motion to dismiss which
are: (1) central to the plaintiff's claim; and (2) undisputed.  *See Knievel v. ESPN*, 393
F.3d 1068, 1076 (9th Cir. 2005).

### B.    Plaintiff Fails To Properly Plead His Tortious Interference Claim.

"The elements of a claim of interference with prospective economic advantage

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [or negligent] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404 (2014). Plaintiff must also establish that Rokoko engaged in an independently wrongful act. *See Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995). "An act is independently 'wrongful' if it is unlawful, *i.e.*, 'if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.'" *Pac. Steel Grp. v. Com. Metals Co*., 600 F. Supp. 3d 1056, 1081 (N.D. Cal. 2022).

Here, Plaintiff's Complaint does allege any of the necessary elements of a tortious interference claim. First, Plaintiff's vague allegations that it has "valid contracts" with third parties is insufficient. Compl., 13:4-5. Second, Plaintiff does not allege that Rokoko had actual knowledge of any of the purported valid contracts. Third, Plaintiff does not allege that Rokoko intentionally acted in a way that was designed to disrupt those contracts. *See name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, No. CV 12-8676 PA (PLAx), 2013 WL 2151478, at *9 (C.D. Cal. Mar. 4, 2013) (Anderson, J.), *aff'd*, 795 F.3d 1124 (9th Cir. 2015) (dismissing tortious interference with prospective economic advantage claim where plaintiff failed to allege "any intentional actions" by defendant that were "designed to disrupt" plaintiff's alleged economic relationships or any "evidentiary facts of actual disruption and resulting economic harm."). Finally, Plaintiff has not pled any facts demonstrating that the purported contracts were actually disrupted or that he has suffered economic harm. Plaintiff's speculative and attenuated allegations that "[s]imilar game productions . . . can expect $9M - $18M for moderate success, $30M in success" are not sufficient. *See Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 515 (2017) ("[A] cause of action for tortious interference has been found lacking when either the

economic relationship with a third party is too attenuated or the probability of economic benefit too speculative.").

Accordingly, Plaintiff's tortious interference claim fails as a matter of law.

## C. Plaintiff's Claim For Violations Of The Song-Beverly Act Fail As A Matter Of Law.

"To state a viable claim under California's Song-Beverly Consumer Warranty Act ("Song-Beverly"), a plaintiff must plead sufficiently a breach of warranty under California law." *Baltazar v. Apple Inc.*, No. CV-10-3231-JF, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011); *Birdsong v. Apple Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009) ("The substantive elements [of a warranty of merchantability per the California Commercial Code] are the same under the Song-Beverly Act . . . . Thus, because we conclude that the plaintiffs have failed to state a claim for breach of an express or implied warranty, their claims under [the Song-Beverly Act] are also properly dismissed.").  Under Song-Beverly, every retail sale of consumer goods in California includes an implied warranty by the manufacturer and the retail seller that the goods are merchantable unless the goods are expressly sold as is or with all faults.  Civ. Code, §§ 1791.3, 1792; *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1298 (2009); *see also Jones v. Credit Auto Center, Inc.*, 237 Cal. App. 4th Supp. 1, 8 (2015).  "Consumer goods" within the meaning of the Song-Beverly Act is limited to "any new product or part thereof that is used, bought, or leased for use ***for personal, family, or household purposes***."  Cal. Civ. Code § 1791(a) (emphasis added).  Plaintiff's Song-Beverly Act claim fails as a matter of law for several reasons.

First, as is alleged throughout the entirety of Plaintiff's Complaint, Plaintiff purchased the Rokoko products for ***commercial use***, not personal use.  *See e.g.*, Compl., 10:25-26 (alleging that his "video game production [was] materially halted and delayed due to Defendant's failure to perform."); Compl., 12:11-12 (alleging that Plaintiff "cannot complete the animations [for his purported video game] without Defendant's equipment being operational."); Compl., 15:5-6 ("Plaintiff alleges that his video game

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

production has experienced unrecoverable damages due to Defendant's willful violations of the SONG-BEVERLY Act").  Because Plaintiff cannot allege any facts to cure his express allegations that the Rokoko products were purchased for the purpose of his video game production—and not for personal use—Plaintiff's claim fails as a matter of law.  *See Pac. Pulp Molding, Inc. v. Burchfield*, 2016 U.S. Dist. LEXIS 153769, *20-21 (S.D. Cal. Jan. 26, 2016) (dismissing with prejudice plaintiff's Song-Beverly Act claim because the product at issue was intended for commercial use and excluded from the definition of consumer goods).

Second, even if Plaintiff could state a cognizable claim for consumer goods under the Song-Beverly Act—he cannot—such a claim is barred because he did not bring his claim within one year after purchasing the products.  *See* Civ. Code § 1791.1 (noting that the Song-Beverly Act provides that the implied warranty of merchantability shall last "no [ ] more than one year following the sale of new consumer goods to a retail buyer.").   "The Song-Beverly Act does not include its own statute of limitations." *Mexia*, 174 Cal. App. 4th at 1305-06.  Instead, "the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by . . . the Uniform Commercial Code: section 2725." *Id.*; *see also Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112, 132 (1995); *Carrau v. Marvin Lumber & Cedar Co.*, 93 Cal. App. 4th 281, 297 (2001).   Pursuant to section 2725, the statute of limitations may be reduced "to not less than one year" (Com. Code § 2725) and a claim for violation of the Song-Beverly Act accrues upon delivery of the product.  *See, e.g., Mandani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2020 WL 3961975, at *3 (N.D. Cal. July 13, 2020) (recognizing that claim for breach of implied warranty under Song-Beverly Act accrues upon delivery).

Here, by Plaintiff's own allegations, Rokoko limited the statute of limitations on any warranty claim for the hardware products that he purchased to one year, as it is permitted to do under the law.  *See* Compl., 23:12-13, *id.*, Ex. 61.  Plaintiff's claim thus accrued upon delivery of the products on or about September 18, 2020, December 23,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 7 –

2020, and April 11, 2023.  *See* Compl., 19:25; 20:6; *see also* RJN, Exs. 1-3 (purchase orders), 5-6 (one-year warranties).  Accordingly, Plaintiff's Song-Beverly Act claim is time-barred and must be dismissed.  *See* Com. Code § 2725; *Mandani*, 2020 WL 3961975, at *3 (dismissing Song-Beverly claim as time-barred).

Furthermore, Plaintiff concedes that, to the extent his Song-Beverly claim relates to Rokoko's Services, Rokoko has expressly disclaimed any warranties and the Song-Beverly Act is therefore inapplicable to any issues Plaintiff has with Rokoko's Services. *See* Compl., 23:22-24:5; *see also* Civ. Code, §§ 1791.3, 1792; *Mexia*, 174 Cal. App. 4th at 1298.[1]

Accordingly, Plaintiff's Song-Beverly claim fails as a matter of law and should be dismissed without leave to amend.

### D.    Plaintiff False Advertising Claim Fails As A Matter Of Law.

To state a cause of action for false advertising, the plaintiff must plead and prove (1) the defendant made a false or misleading representation; (2) the representation is likely to deceive a reasonable consumer; (3) the representation is related to a product or service offered for sale; (4) the defendant knew or should have known the representation was false.  *See* Bus. & Prof. Code § 17500.

The Complaint is devoid of any alleged misrepresentation made by Rokoko. Insofar as Plaintiff's false advertising claim alleges that Rokoko's Terms state that Plaintiff's use of Rokoko's **Services** are provided "as-is" and without warranty, such statements are not false or misleading, and therefore do not sufficiently support a cause of action for false advertising.

Accordingly, Plaintiff's false advertising claim fails as a matter of law and should be dismissed without leave to amend.

---

[1] *See* RJN, Ex. 4 (https://www.rokoko.com/terms (Section 16 - Disclaimer of Warranties; Limitation of Liability)).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**E.    Plaintiff's Claims For UCL And CLRA Fail As A Matter Of Law.[2]**

    **1.    Plaintiff Has Not Alleged That Rokoko Was Aware Of A Defect At The Time Of Sale.**

To state a claim for violation of the UCL and the CLRA, Plaintiff "must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (dismissing UCL and CLRA claims because plaintiffs failed to allege facts showing that the defendants knew of the alleged defect at the time of sale); *Baba v. Hewlett-Packard Co.*, 2011 WL 317650, at *6 (N.D. Cal. Jan. 28, 2011) (finding CLRA and UCL claims "require[] a plausible basis for asserting that defendants had knowledge of the alleged defect"). Plaintiff must "allege how the defendant obtained knowledge of the specific defect prior [to] the plaintiff's purchase of the defective product." *Stewart v. Electrolux Home Products, Inc.*, 2018 WL 339059, at *7 (E.D. Cal. Jan. 9, 2018). Conclusory allegations are insufficient; a plaintiff must provide a "factual basis" showing how a defendant would have been aware of the alleged defect. *Id.* at *8.

Here, Plaintiff alleges no facts showing how Rokoko would have been aware of the alleged defects prior to the sales. In fact, Plaintiff's UCL and CLRA claims are completely devoid of any factual allegations that would support such claims. *See* Compl., 32:1-25 (Fifth and Sixth Causes of Action).

Courts also regularly reject CLRA claims like Plaintiff's where a plaintiff fails to allege he heard, saw, relied on, or was otherwise harmed by alleged misrepresentations at the time of sale. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (affirming sustained demurrer on CLRA claim for failure to plead reliance on the alleged misrepresentation at the time of sale); *Moran v. Prime Healthcare Mgmt., Inc.*, 3 Cal. App. 5th 1131, 1147 (2016); *Stewart*, 2018 WL 1784273, at *5 (E.D. Cal. Apr. 13, 2018) (dismissing CLRA claim because Plaintiff did not sufficiently allege that they saw or relied on fraudulent misrepresentations prior to purchase); *Seldin v. HSN,*

---

[2] Plaintiff's "Deceptive Business Practices" claim is duplicative of his CLRA claim.

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    *Inc.*, 2018 WL 3570308, at *4 (S.D. Cal. July 25, 2018).

2         **2.     Plaintiff Is Not A "Consumer" Within The Meaning Of CLRA.**

3         The CLRA provides that "unfair methods of competition and unfair or deceptive

4    acts or practices undertaken by any person in a transaction intended to result or which

5    results in the sale or lease of goods or services to any consumer are unlawful."  Civ.

6    Code § 1770.  Like Plaintiff's UCL and false advertising claims, "only those statements

7    . . . that are 'likely to deceive' a 'reasonable consumer' are actionable under the . . .

8    CLRA."  *Shaeffer* v. *Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1137 (2020) (quoting

9    *Consumer Advocs.* v. *Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003)).

10   To have standing, a plaintiff must be a "consumer" or "an individual who seeks or

11   acquires, by purchase or lease, any goods or services for personal, family, or household

12   purposes."  *See Balsam* v. *Trancos, Inc.*, 203 Cal. App. 4th 1083, 1088 (2012) (quoting

13   Cal. Civ. Code § 1761(d)).

14        Plaintiff's CLRA claim fails because he is not a "consumer" within the meaning

15   of the CLRA.  To qualify as a "consumer" under the CLRA, a plaintiff must purchase

16   products or services for "personal, family, or household purposes."   As is evident

17   throughout the Complaint, Plaintiff admits that he purchased products from Rokoko for

18   his ***professional use***, not for "personal, family, or household purposes."  The Complaint

19   alleges that Plaintiff is a "video game developer" and that his "video game production

20   has experienced unrecoverable damages" due to Rokoko.  *See* Compl., 5:4; 15:5-6.

21        **3.     Plaintiff Failed To Comply With CLRA's Pre-Suit Notice**

22               **Requirements.**

23        Even if Plaintiff stated claims for violation of the CLRA (which he has not), the

24   claims nevertheless fail because Plaintiff did not comply with the CLRA's pre-suit

25   notice requirements.  The CLRA requires that a consumer notify the defendant in

26   writing with ***adequate specificity*** of the consumer's alleged CLRA claims thirty days

27   prior to bringing a claim.  Civ. Code § 1782. "A plaintiff seeking damages under the

28   CLRA must advise the defendant of 'the particular alleged violations' of the statute."

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1016 (N.D. Cal. 2014). If a plaintiff does not provide the "particularized notice" required by the CLRA, the CLRA claim must be dismissed. *Roybal v. Equifax*, 2008 WL 4532447, at *10 (E.D. Cal. Oct. 9, 2008). The notice requirement is "strictly applied." *Allen v. Similasan Corp.*, 2013 WL 5436648, at *2 (S.D. Cal. Sept. 27, 2013).

Here, Plaintiff vaguely alleges that he provided notice pursuant to CLRA's requirements "in or about June 2025 by certified mail." Compl., 32:10-11. The Complaint asserting the CLRA claim was filed on May 12, 2025, *before* Plaintiff's purported notice. Moreover, Exhibit 37 to the Complaint to which Plaintiff cites is not a notice pursuant to CLRA.

### 4.    Plaintiff's UCL Claim Is Derivative Of His CLRA and Song-Beverly Act Claims.

Moreover, where a UCL claim is dependent on another claim and that claim fails, the UCL claim also fails. *See Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("If the [underlying] claim is dismissed, then there is no unlawful act upon which to base the derivative Unfair Competition claim"); *Javorsky v. Western Athletic Clubs, Inc.*, 242 Cal. App. 4th 1386, 1408 (2015) (summarily adjudicating UCL claim where underlying claim for statutory violation was also summarily adjudicated). Because Plaintiff's UCL claim is entirely derivative of his improperly plead CLRA and Song-Beverly Act claims, the UCL claim also fails.

### F.    Plaintiff's Claim For "Misappropriation Of Intellectual Property" Fails As A Matter Of Law.

Plaintiff's "misappropriation of intellectual property claim" fails for several reasons. To start, Plaintiff does not allege *what exactly* he claims is protected intellectual property. To the extent Plaintiff is attempting to state a claim for trade secret misappropriation under California's Uniform Trade Secrets Act, a prima facie claim "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

means, and (3) the defendant's actions damaged the plaintiff." *Magic Laundry Servs., Inc. v. Workers United Serv. Emps. Int'l Union*, No. CV-12-9654-MWF (AJWx), 2013 WL 1409530, at *3 (C.D. Cal. Apr. 8, 2013). Plaintiff has failed to allege even one, much less all three, of these essential elements of a claim for misappropriation.

### 1.    Plaintiff Has Not Identified Any Purported Trade Secret With The Requisite Specificity.

Under California law, "'the alleged trade secrets [must] be specifically identified.'" *GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, No. CV 15-04125 MMM (JEMx), 2015 WL 12731920, at *11 (C.D. Cal. Sept. 21, 2015) (citation omitted). Although the plaintiff need not spell out every detail of the alleged trade secret to avoid dismissal, it must "'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'" *Id.* (citation omitted). "On a motion to dismiss, the burden is on the plaintiff to identify protectable trade secrets and '[show] that they exist.'" *CleanFish, LLC v. Sims*, No. 19-CV-03663-HSG, 2020 WL 4732192, at *3 (N.D. Cal. Aug. 14, 2020) (citation omitted, emphasis added). Courts routinely dismiss claims for misappropriation of trade secrets where the plaintiff fails to identify the subject matter of the purported trade secret with specificity. *See, e.g., S. California Inst. of Law v. TCS Educ. Sys.*, No. CV 10-8026 PSG (AJWx), 2011 WL 1296602, at *7 (C.D. Cal. Apr. 5, 2011) (granting motion to dismiss where plaintiff alleged that defendant "gained access to plaintiff's most valuable trade secrets and confidential information").

Plaintiff's conclusory allegations that "Defendant is using his intellectual property" (Compl., 40:22) are not sufficient to withstand a motion to dismiss. *See, e.g., Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss"); *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 U.S. Dist. LEXIS 212479, 2019 WL 6655274,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*10 (C.D. Cal. 2019) (granting motion to dismiss where allegations regarding trade secret misappropriation were conclusory); *Veronica Foods Co. v. Ecklin*, No. 16-CV-07223-JCS, 2017 WL 2806706, at *14 (N.D. Cal. June 29, 2017) (finding allegation that defendants "have made improper and unauthorized use of [plaintiff's trade secrets] to solicit customers" was too conclusory to survive a motion to dismiss).

## 2.   Plaintiff Has Failed To Plead A Misappropriation.

Plaintiff's misappropriation claim also fails for the separate and independent reason that he does not allege a misappropriation.   The CUTSA defines "misappropriation," in relevant part, as "(1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) disclosure or use of a trade secret of another without express or implied consent by a person who . . . [u]sed improper means to acquire knowledge of the trade secret."  Civ. Code § 3426.1(b).  The plaintiff must allege facts sufficient to show that the defendant "'acquired, disclosed, or used the plaintiff's trade secret ***through improper means***.'"  *Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal. App. 4th 288, 297 (2008) (emphasis added) (citation omitted). "Improper means" include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."  Civ. Code § 3426.1(a).  As with the other elements of misappropriation of trade secrets, the plaintiff may not rely on "conclusory, formulaic allegation[s]" to salvage the element of misappropriation. *Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*, 2013 WL 12130024, at *3 (C.D. Cal. Dec. 2, 2013).

Here, Plaintiff fails to allege a single act by Rokoko where it allegedly sought protected information through improper means.  Plaintiff's allegations that Rokoko "admits to taking intellectual property and misappropriating it to other sources" (Compl., 33:19-22) are unsupported by the documents to which Plaintiff cites or the factual allegations in the Complaint.  Similarly, Plaintiff's allegation that Rokoko's Terms "specifically outline that Plaintiff and other consumers protected, copyrighted,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

intellectual property are no longer their own" is false and does not support a misappropriation claim.    Compl., 34:6-10.    Plaintiff appears to be referring to a provision in Rokoko's Terms for Services, which is illegible in Plaintiff's Complaint, but which provides:

> You agree that we may collect and use (i) User Content, (ii) metrics regarding your use of the Services, including evaluating how you use the Services, which shall be referred to as "Usage Data", (iii) technical data, and (iv) related information that is gathered periodically, (a) to provide the Services, (b) to improve the Services, including developing new features/Services or improving existing features, technologies or products, to facilitate the provision of updates, for product support purposes, (c) to improve any other services or products provided by the Company and (d) to sub-license this to third parties in an anonymized form never to be redistributed in its original form strictly for the purpose of developing and improving their services or products.

The Terms define "User Content" as "all information and content that you create/generate using, submit to use, or use with or store within the Site and/or Services (including animations, 3D models, images, audio, and related content, as well as user comments)" and specifically state "[e]xcept as otherwise set forth in the Terms, we do not claim ownership over any User Content."

The Terms also provide:

> **You retain all your rights to User Content** and are responsible for protecting those rights. You grant us the right to access, use, or modify such User Content only as necessary to provide the Services and carry out our obligations under the Terms, including to correct errors of the Software and Services and for statistical purposes.

Nothing within Rokoko's Terms or otherwise support Plaintiff's allegations that misappropriated his protected intellectual property through improper means.

Accordingly, Plaintiff's claim for "misappropriation of intellectual property" should be dismissed without leave to amend.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT

**G.    Plaintiff's Intellectual Property Infringement Claim Fails As A Matter Of Law.**

While Plaintiff's "intellectual property infringement" claim—like the rest of his Complaint—is far from clear, it appears that Plaintiff is alleging that Rokoko has infringed on copyrighted material.  To state a claim for copyright infringement, a plaintiff must allege two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

Here, Plaintiff's Complaint is devoid of any allegations that he is the owner of a valid copyright.  The most Plaintiff can point to is a screenshot at Exhibit 137 with the caption "[P]roof of Defendant using the product(s) to generate intellectual property". Compl., 46:16-17.  Because Plaintiff cannot show that he is the valid owner of a copyright that he claims has been infringed upon, leave to amend would be futile. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'").

Accordingly, Plaintiff's claim for "intellectual property infringement" should be dismissed without leave to amend.

**H.    Plaintiff Fails To State A Claim Under the Digital Millenium Copyright Act.**

**1.    Plaintiff Lacks Standing Due To Failure To Allege A Cognizable Injury.**

Only persons "injured by a violation of section 1201 or 1202" are authorized to "bring a civil action" under those provisions.  17 U.S.C. § 1203(a).  In addition, Plaintiff "bear[s] the burden of demonstrating that they have [Article III] standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021); *Steele v. Bongiovi*, 784 F. Supp. 2d 94, 97–98 (D. Mass. 2011) (dismissing DMCA claim for failure to plead injury); *Alan Ross*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 15 –

*Mach. Corp. v. Machinio Corp*, 2019 WL 1317664, at *4 (N.D. Ill. Mar. 22, 2019) (same). As "standing is not dispensed in gross," a plaintiff must establish standing "for each claim he seeks to press and for each form of relief that is sought." *Davis v. FEC*, 554 U.S. 724, 734 (2008). Standing requires that "the plaintiff's injury in fact be concrete—that is, real and not abstract." *TransUnion*, 594 U.S. at 424, 426 (courts "cannot treat an injury as concrete for Article III purposes based only on Congress's say-so"). A plaintiff must allege an injury with a "close historical or common-law analogue" such as "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts," to plead a concrete injury. *Id.* at 424, 427.

Here, Plaintiff does not allege any cognizable injury stemming from Rokoko's alleged removal of CMI at all. Compl., 47:20-49:18. Accordingly, Plaintiff lacks both Article III standing and statutory standing under Section 1203.

## 2. Plaintiff Fails To State A Claim Under § 1202(b)(1).

Even if Plaintiff had standing—he does not—his DMCA claim must still be dismissed. To state a claim under Section 1202(b)(1), Plaintiff must make an affirmative showing that Rokoko "intentionally remov[ed] or alter[ed] copyright management information" and distributed the information with knowledge that it had been removed or altered "without authority of the copyright owner or the law." 17 U.S.C. § 1202(b); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018) (requiring plaintiff to demonstrate "pattern of conduct or modus operandi" to establish the requisite mental state); *Falkner v. Gen. Motors LLC*, 393 F. Supp. 3d 927, 938 (C.D. Cal. 2018).

Here, Plaintiff's Complaint does not contain a single allegation that (1) CMI was intentionally removed or altered by Rokoko or (2) that Rokoko did so with a culpable mental state. Plaintiff's allegations that Rokoko allegedly transmitted "metadata" does not state a sufficient Section 1202(b) claim. Compl., 49:1-3. Moreover, the metadata which Plaintiff describes (i.e., "the author . . . the version of software that was used to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

create it, a globally unique identifier, serial number(s) specific to this hardware" (Compl., 47:21-25)) does not constitute CMI. *Mills v. Netflix, Inc.*, No. CV 19-7618-CBM-(AGRx), 2020 WL 548558, at *9 (C.D. Cal. Feb. 3, 2020) (granting motion to dismiss where plaintiff referred to "other metadata" and failed to identify the copyright management information contained in the "other metadata" that was allegedly removed or altered); *Harrington v. Pinterest, Inc.*, No. 5:20-cv-05290-EJD, 2022 WL 4348460, at *10-11 (N.D. Cal. Sep. 19, 2022) ("an allegation of wholesale metadata removal, without more, does not suffice" to allege intentional removal of copyright management information).

Accordingly, Plaintiff's DMCA claim fails as a matter of law and should be dismissed with prejudice.

## I.     Plaintiff's "Unconscionable Contract Terms" Claim Fails As A Matter Of Law.

Civ. Code section 1670.5 does not support an affirmative cause of action under California law. *See Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766 (1989) ("[T]he language of Civil Code section 1670.5 does not support the bringing of an affirmative cause of action thereunder for including an unconscionable clause in a contract."); *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1539 (2003) (under California law, "there is no cause of action for unconscionability" and the "doctrine is only a defense to contract enforcement"). Accordingly, Plaintiff's tenth cause of action fails as a matter of law.

## J.     Plaintiff's Claim For "Illegal Deployment Of Code & Privacy Violations" Fails As A Matter Of Law.

Plaintiff has failed to allege sufficient facts to state a cognizable claim under the CFAA. "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka* (9th Cir. 2009)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

581 F.3d 1127, 1130-1131; *see also* 18 U.S.C. §) 1030(a)(1)-(7). In order to state a claim for violation of the CFAA, "[a] private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5)(B)." *Id.* Here, Plaintiff generally alleges a violation of the CFAA, but he fails to allege a specific violation of subsections (a)(1) through (a)(7).

Plaintiff's claim under Penal Code § 502 equally fails. The CDAFA is California's "anti-hacking statute." *See People v. Gentry,* 234 Cal. App. 3d 131, 141 n.8 (1991). Its legislative purpose was "to deter and punish . . . browsers and hackers— outsiders who break into a computer system to obtain or alter the information contained there . . . ." *Id.* (internal quotes and citation); *see also Integral Dev. Corp. v. Tolat*, 2013 WL 5781581, at *3-4 (N.D. Cal. Oct. 25, 2013) (referring to Section 502 and its federal counterpart as "anti-hacking statutes"). Subsection 502(c)(1) imposes criminal liability on any person who "[k]nowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data." Subsection 502(c)(2), meanwhile, imposes criminal liability on any person who "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." Penal Code § 502. The Complaint fails to state a claim under either subsection.

Under the CDAFA, "'[a]ccess' means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network." Penal Code § 502(b)(1). CDAFA thus "defines 'access' in terms redolent of 'hacking' or breaking into a computer." *Chrisman v. City of Los Angeles,* 155 Cal. App. 4th 29, 34 (2007). Plaintiff does not allege that Rokoko

– 18 –

"accessed" Plaintiff's computer at all.  Compl., 55:8-56:12.  Instead, Plaintiff alleges that Rokoko "created, enabled and actively uses a secret backdoor within Plaintiff's software which allows them to send remote client-side code of any type, directed not only at Plaintiff but at any specific user, and execute it at will on that users machine without authorization or their knowledge."  *Id.*, 55:8-14.  Even crediting the Complaint's allegations as true, "[a]ccessing plaintiffs' information … is not the same thing as accessing plaintiffs' computer systems, even if that information was at some point stored on those computers."  *New Show Studios LLC v. Needle,* No. 2:14-cv-01250-CAS (MRWx), 2014 WL 2988271, at *6 (C.D. Cal. June 30, 2014) (holding that plaintiffs failed to state a claim under the CDAFA).

Plaintiff has also failed to allege access "without permission" under the CDAFA. Access "without permission" requires accessing a computer "in a manner that circumvents technical or code based barriers in place to restrict or bar a user's access." *In re Google Android Consumer Priv. Litig.*, 2013 WL 1283236, at *11 (N.D. Cal. Mar. 26, 2013) (citation omitted).  The Complaint contains no allegations that Rokoko accessed Plaintiff's computer at all, let alone that it circumvented technical or code-based barriers to do so.  *See, e.g.*, *Perkins v. LinkedIn Corp.,* 53 F. Supp. 3d 1190, 1219 (N.D. Cal. 2014) (finding plaintiffs' complaint insufficient to allege a Section 502 violation where complaint's allegations lack "specificity regarding what technical or code-based barriers were in place," "who overcame those barriers and how").

Finally, Plaintiff has failed to allege any "damage or loss" under Section 502, which it is required to do to withstand a motion to dismiss.  *Id.*, 1219 (dismissing claim where the plaintiff did not "adequately allege[] . . . tangible harm from the alleged Section 502 violations).

Accordingly, Plaintiff claim for "illegal deployment of code and privacy violations" should be dismissed without leave to amend.

### K.    Plaintiff's Fraud-Based Claims Fail As A Matter Of Law.

"The Federal Rules of Civil Procedure, like other provisions of federal law,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

govern the mode of proceedings in federal court after removal." *Granny Goose Foods, Inc.* v. *Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438 (1974); Fed. R. Civ. P. 81(c).  Rule 9(b)'s heightened pleading standard therefore governs Plaintiff's fraud claims. *Khan v. Citimortgage Inc.*, 975 F. Supp. 2d 1127, 1139 n.2 (Rule 9(b)'s "particularity requirement applies to state law causes of action").  To survive a motion to dismiss, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged.  *Cooper* v. *Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

### 1. Plaintiff Has Not Sufficiently Pled Claims For Fraud In The Inducement, Fraudulent Misrepresentation Or Fraudulent Concealment.

A claim for fraud requires the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town Center*, 135 Cal. App. 4th 289, 294 (2005) (citing *Lazar* v. *Superior Court*, 12 Cal. 4th 631, 638 (1996)).

Here, Plaintiff has failed to satisfy any of the elements of fraud—let alone his heightened pleading burden—because the Complaint fails to even articulate what the fraud is that Rokoko supposedly perpetrated, who engaged in the fraud, when the fraudulent activity occurred, why Rokoko's conduct was anything but proper, or what about the alleged misstatements was false.  For example, the single paragraph allegation in Plaintiff's fraudulent inducement cause of action states:

> [C]onsumers were provided an alternate reality from actuality and at all times Defendant knew it would be relied on so that they could defraud those individual of intellectual property and monetary resources alike while simultaneously forcing them to agree to unconscionable terms and conditions without any knowledge of those conditions whatsoever.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 20 –

1    Compl., 56:19-25.

2    Because such allegations plainly do not satisfy Plaintiff's high pleading standard,

3    Plaintiff Complaint should be dismissed with prejudice as to his fraud claims.

4                    **2.    Plaintiff's Fraud Claims Are Also Barred By The Economic**

5                    **Loss Doctrine.**

6    Plaintiff's fraud claims also independently fail because they are barred by the

7    economic loss doctrine.  The economic loss doctrine provides that "[i]n general, there

8    is no recovery in tort for negligently inflicted 'purely economic losses,' meaning

9    financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo*

10   *Bank, N.A.*, 12 Cal. 5th 905, 922 (2022).  "Simply stated, the economic loss rule

11   provides: '[W]here a purchaser's expectations in a sale are frustrated because the

12   product he bought is not working properly, his remedy is said to be in contract alone,

13   for he has suffered only 'economic losses.''"  *Robinson Helicopter Co., Inc. v. Dana*

14   *Corp.,* 34 Cal. 4th 979, 988 (2004).  "The economic loss rule requires a purchaser to

15   recover in contract for purely economic loss due to disappointed expectations, unless

16   he can demonstrate harm above and beyond a broken contractual promise." *Id.*  The

17   economic loss doctrine bars claims of fraud to recover pure economic losses.  *See*

18   *Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1093 (S.D. Cal. 2021) (holding

19   that the economic loss doctrine bars the plaintiffs' fraudulent concealment claim); *see*

20   *also In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F.

21   Supp. 3d 838, 850 (C.D. Cal. 2020) (holding that "the economic loss rule bars Plaintiff's

22   claim for fraudulent inducement by omission").

23   Here, because Plaintiff seeks purely economic damages allegedly in support of

24   his claims, Plaintiff's fraud claims are barred by the economic loss doctrine.

25   ///

26   ///

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## IV.    CONCLUSION

For the reasons stated herein, the Court should sustain Rokoko's Motion to Dismiss in its entirety without leave to amend.


DATED:  June 26, 2025                              REED SMITH LLP


By: */s/ Katherine J. Ellena*_____
Katherine J. Ellena
Michael Galibois (*pro hac vice*)
Emily Graue (*pro hac vice*)

*Attorneys for Defendant*
*Rokoko Electronics*

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Rokoko Electronics, Inc., certifies that this brief contains 6,999 words, which complies with the word limit of L.R. 11-6.2.

DATED:  June 26, 2025

*/s/ Katherine J. Ellena*
Katherine J. Ellena

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS TO COMPLAINT