Katherine J. Ellena (SBN 324160)
kellena@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Michael B. Galibois (*pro hac vice*)
mgalibois@reedsmith.com
Emily Graue (*pro hac vice*)
egraue@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: +1 312.207 1000
Facsimile: +1 312.207 6400

*Attorneys for Defendant,*
Rokoko Electronics, *et al.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW R. WALSH<br><br>Plaintiff,<br><br>vs.<br><br>ROKOKO ELECTRONICS, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 2:25-cv-05340-ODW-RAO<br><br>[*Assigned to Hon. Otis D. Wright, II, Courtroom 5D*]<br><br>**DEFENDANT ROKOKO ELECTRONICS' REPLY IN SUPPORT OF MOTON TO DISMISS COMPLAINT**<br><br>Date:    August 4, 2025<br>Time:    1:30 p.m.<br>Place:    Dept. 5D<br><br>State Court Action Filed: May 12, 2025<br>Removal Date: June 12, 2025<br>Trial Date: None |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

   A.    Plaintiff's Tortious Interference Claim Fails. ........................................... 2

   B.    Plaintiff's Song-Beverly Act Claim Also Fails. ...................................... 3

   C.    Plaintiff's False Advertising Fails As A Matter Of Law. ......................... 5

   D.    Plaintiff's UCL And CLRA Claims Fail As A Matter Of Law. ............... 6

   E.    Plaintiff's Claim For "Misappropriation Of Intellectual
         Property" Should Be Dismissed. ............................................................... 7

   F.    Plaintiff's Intellectual Property Infringement Claim Fails As A
         Matter Of Law. .......................................................................................... 8

   G.    Plaintiff Claim Under T he Digital Millenium Copyright Act
         Fails As A Matter Of Law. ........................................................................ 9

   H.    Plaintiff's "Unconscionable Contract Terms" Claim Fails As A
         Matter Of Law. ........................................................................................ 10

   I.    Plaintiff Has Failed To Plead A Claim For "Illegal Deployment
         Of Code & Privacy Violations." .............................................................. 10

   J.    Each of Plaintiff's Fraud-Based Claims Fall Well Short of Rule
         9(b)'s Heightened Pleading Requirements. ............................................. 12

III.  CONCLUSION ................................................................................................. 14

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ................................................................. 8

*Allen v. Similasan Corp.*,
2013 WL 5436648 (S.D. Cal. Sept. 27, 2013) ...................................... 7

*Barboza v. Mercedes-Benz USA, LLC*,
2022 U.S. Dist. LEXIS 232366 (E.D. Cal. Dec. 27, 2022) ................. 6

*CleanFish, LLC v. Sims*,
No. 19-CV-03663-HSG, 2020 WL 4732192 (N.D. Cal. Aug. 14,
2020) ........................................................................................................ 7

*Corley v. Stryker Corp.*,
2014 U.S. Dist. LEXIS 92002 (W.D. La. May 27, 2014) ................... 5

*Cytodyn, Inc. v. Amerimmune Pharm., Inc.*,
160 Cal. App. 4th 288 (2008) ................................................................. 8

*Dean Witter Reynolds, Inc. v. Superior Court*,
211 Cal. App. 3d 758 (1989) ................................................................. 10

*Defiance Button Mach. Co. v. C & C Metal* 569 *Prods. Corp.*, 759 F.2d
1053, 1063 (2d Cir. 1985) ...................................................................... 7

*Falkner v. Gen. Motors LLC*,
393 F. Supp. 3d 927 (C.D. Cal. 2018) ................................................. 9

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) .............................................................................. 8

*In re Glenfed, Inc. Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994) (en banc) ........................................ 12, 13

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ................................................ 11

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*In re Google Inc.*,
  No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26,
  2013) .................................................................................................................10

*Harrington v. Pinterest, Inc.*,
  No. 5:20-cv-05290-EJD, 2022 WL 4348460 (N.D. Cal. Sep. 19, 2022) ............9

*Jones v. Wells Fargo Bank*,
  112 Cal. App. 4th 1527 (2003) ..........................................................................10

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...........................................................................12

*Licea v. Cinmar*,
  659 F. Supp. 3d 1096 (C.D. Cal. 2023) .............................................................11

*LVRC Holdings LLC v. Brekka*,
  581 F.3d 1127 (9th Cir. 2009) ...........................................................................12

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
  2019 U.S. Dist. LEXIS 212479, 2019 WL 6655274 (C.D. Cal. 2019)...............8

*Mandani v. Volkswagen Grp. of Am., Inc.*,
  No. 17-CV-07287-HSG, 2020 WL 3961975 (N.D. Cal. July 13, 2020).............4

*Marksman Partners, L.P. v. Chantal Pham. Corp.*,
  927 F. Supp. 1297 (C.D. Cal. 1996) ..................................................................12

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) .............................................................11

*Mexia v. Rinker Boat Co.*,
  174 Cal.App.4th 1297 (2009) .........................................................................4, 5

*Mills v. Netflix, Inc.*,
  No. CV 19-7618-CBM-(AGRx), 2020 WL 548558 (C.D. Cal. Feb. 3,
  2020) ....................................................................................................................9

*Murillo v. Fleetwood Enterprises, Inc.*,
  17 Cal.4th 985 (Cal. 1988) ..................................................................................5

*People v. Avery*,
  27 Cal. 4th 49 (2002) .........................................................................................10

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Perkins v. LinkedIn Corp.*,
   53 F. Supp. 3d 1190 (N.D. Cal. 2014) ........................................................ 11, 12

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1989) ................................................................................ 13

*Spindler v. City of Los Angeles*,
   2018 U.S. Dist. LEXIS 228592, at *21 (C.D. Cal. April 17, 2018) ............ 2, 5, 7

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ................................................................................. 9

*Stewart v. Electrolux Home Products, Inc.*,
   2018 WL 339059 (E.D. Cal. Jan. 9, 2018) ........................................................... 6

*Veronica Foods Co. v. Ecklin*,
   No. 16-CV-07223-JCS, 2017 WL 2806706 (N.D. Cal. June 29, 2017) ............. 8

*Warden v. Kahn*,
   99 Cal. App. 3d 805 (1979) ................................................................................. 10

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ............................................................................... 6

**Statutes**

17 U.S.C. § 1202(b) ...................................................................................................... 9

18 U.S.C. § 1030(a)(1)-(7) .......................................................................................... 12

18 U.S.C. §§ 2510-2523 .............................................................................................. 11

Cal. Civ. Code § 1761(d) ............................................................................................... 6

Cal. Civ. Code § 1782 .................................................................................................... 7

Cal. Civ. Code § 1791(a) ............................................................................................... 3

Cal. Civ. Code § 1791(b) ............................................................................................... 4

Cal. Civ. Code § 1791(l) ................................................................................................ 4

Cal. Civ. Code § 1791.3 ................................................................................................. 5

Cal. Civ. Code § 1793.03 ............................................................................................... 4

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

Cal. Civ. Code § 3426.1(a) ......................................................................... 8

Cal. Pen. Code § 631(a) ....................................................................... 10, 11

Cal. Pen. Code § 502(b)(1) ........................................................................ 11

U.C.C. § 2-316(1) .................................................................................... 5, 6

**Rules**

Fed. R. Civ. P. 9(b) ...........................................................................*passim*

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

Defendant Rokoko Electronics ("Rokoko") submits this Reply in support of its Motion to Dismiss Plaintiff's Complaint to respond to arguments in Plaintiff's Opposition Brief (ECF No. 57).

## I.    INTRODUCTION

Plaintiff's opposition to Rokoko's Motion to Dismiss fails to offer any reason why his Complaint should survive as of any of his fourteen causes of action.

Despite the majority of Plaintiff's causes of action sounding in fraud, Plaintiff has failed to meet the heightened pleading standard under FRCP 9(b).  Instead, asserting in his opposition that he does not need to "plead the obvious."  Moreover, as further set forth below, Plaintiff cites to numerous cases throughout his opposition that either do not stand for the proposition he contends they do or, worse, do not contain the quotation that he represents to the Court exists in those cases.

Put simply, the allegations in Plaintiff's Complaint fall short at each turn.  With respect to his tortious interference claim, for the first time in his opposition, Plaintiff attempts to introduce contracts with third parties that he contends were disrupted by Rokoko.  But the bottom line is that he has not sufficiently plead any of the elements of a tortious interference claim, including that Rokoko had actual knowledge of the contracts, that Rokoko acted with intent to disrupt those contracts, that those contracts were actually disrupted, or that any purported damages—which are also speculative—were proximately caused by Rokoko.

Plaintiff's has also not stated a claim under California's Song-Beverly Consumer Warranty Act or the CLRA because he is not a "consumer" within the meaning of those statutes.  The entire crux of his Complaint is that he purchased Rokoko's products for his video game production—a commercial use—and that Rokoko has caused him financial harm in those efforts.  Belated statements in his Opposition that he purchased the products for personal use cannot overcome his allegations to the contrary in the Complaint.  Moreover, Plaintiff's Song-Beverly Act claim as to Rokoko's products is time-barred and he failed to satisfies the strictly applied pre-suit notice requirements

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 1 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

under the CLRA.  Furthermore, because Plaintiff's UCL claim is derivative of his Song-Beverly and CLRA claims, the UCL claim should be dismissed, as well.

With respect to Plaintiff's false advertising cause of action, the Complaint is limited to allegations that Rokoko's disclaimer of warranties with respect to its Services constitutes false advertising.  The Complaint is devoid of any allegations that there was a misrepresentation regarding a warranty on Rokoko's Services, that Plaintiff justifiably relied on that misrepresentation, or that Rokoko intended to deceive Plaintiff.

As for Plaintiff's misappropriation and infringement claims, including under the DMCA, and claim for privacy violations, Plaintiff has still not identified protectable "intellectual property" that he claims Rokoko misappropriated or infringed upon.  Nor has Plaintiff sufficiently pled the elements of any of those causes of action.

Because Plaintiff does not adequately allege claims for which relief may be granted, and any amendment would be futile, Rokoko respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## II.    ARGUMENT

### A.    Plaintiff's Tortious Interference Claim Fails.

Plaintiff has not satisfied the elements of a tortious interference claim.  ***First***, the damages that Plaintiff alleges in his Complaint are far too attenuated and speculative to meet the heightened pleading standard for fraud under FRCP 9(b).  *See* Compl., 15:18-16:6.  Moreover, this Court should not consider Plaintiff's belated attempt for the first time in his opposition to introduce purported third-party contracts that he claims were somehow interfered with by Rokoko.  *Spindler v. City of Los Angeles,* 2018 U.S. Dist. LEXIS 228592, at *21 (C.D. Cal. April 17, 2018) ("'Generally a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion'…The Court may consider 'only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice…' In ruling on the motion, the Court may not consider new factual allegations raised in Plaintiff's Opposition.") (citing *Intri-Plex Technologies, Inc. v. Crest Group,*

*Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007); *Akhtar v. Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012); *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)).

**Second**, Plaintiff also fails to allege any facts in his Complaint—let alone demonstrate in his opposition—that Rokoko had actual knowledge of any of the purported contracts or acted intentionally to disrupt them.  The most Plaintiff can allege is that Rokoko refused to provide repairs or replacement parts and that Rokoko released firmware to "purposely destroy older hardware."  Opp. at 11:278-12:285.  While Rokoko disputes the veracity of these allegations, they are also insufficient to state a claim for tortious interference because Plaintiff does not allege any facts whatsoever that even remotely suggest Rokoko intended to disrupt Plaintiff's purported contracts through its actions, much less any actual conduct by Rokoko that—by its design—interfered with any third-party contracts.

**Third**, Plaintiff does not allege that the purported contracts were in fact disrupted, instead simply insisting that he "doesn't need to plead the obvious." Opp., 12:293.  But this proclamation is no substitute nor a viable excuse for pleading a fundamental element of purported tortious interference claim.

This claim should be dismissed.

### B.    Plaintiff's Song-Beverly Act Claim Also Fails.

Plaintiff's Song-Beverly claim fails for multiple reasons.  The definition of "Consumer" within the meaning of the Song-Beverly Act requires that the products purchased must be "***for personal, family, or household purposes***."  Cal. Civ. Code § 1791(a) (emphasis added).  Here, the entire crux of Plaintiff's Complaint is that the products was purchased for his *professional* use—video game production.  He repeatedly declares that he is a video game developer that has published games on major platforms.  Compl., 5:3-4, 8:1-2, 11:23-24.  He further states "[t]he commercialization and monetization of Plaintiff's video game is not circumstantial, it is factually imminent."  *Id.*, 11:22-23.  He characterizes the video game as a "professional

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

production" and states that without the product that he "cannot continue his economic pursuits." *Id.*, 13:1, 14:7. All of these statements fly in the face of Plaintiff's belated contentions in his opposition that the products were for personal use and that he has never profited from a video game.[1] Opp., 15:349-53. Put simply, Plaintiff cannot allege that he suffered severe economic injury due to the disruption of professional contracts, on the one hand, but then state that he purchased the products for personal use, on the other.

Plaintiff's reliance on Cal. Civ. Code § 1793.03 also is misguided. Section 1793.03 applies to manufacturers selling products at a wholesale price to retailers. Plaintiff has not alleged that he is a retailer or that he purchased Rokoko products at a wholesale price. "Retailer" is defined as "any individual, partnership, corporation, association, or other legal relationship that engages in the business of selling or leasing consumer goods to retail buyers." Cal. Civ. Code § 1791(l). Plaintiff does not allege that he is in the business of purchasing Rokoko's products at a wholesale price in order to sell the products to retail buyers.[2] Rather, as alleged in Plaintiff's Complaint, he is an individual video game developer who bought the Rokoko products to develop his own video game. Therefore, Section 1793.03 is inapplicable.

Moreover, Plaintiff's Song-Beverly Act claim fails because it accrued upon delivery, not when the defect manifests, as Plaintiff has incorrectly asserted. *See, e.g., Mandani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2020 WL 3961975, at *3 (N.D. Cal. July 13, 2020) (recognizing that claim for breach of implied warranty under Song-Beverly Act accrues upon delivery). Plaintiff cites to *Mexia v. Rinker Boat Co.*, 174 Cal.App.4th 1297 (2009) for the proposition that "California Court of Appeal has held that 'breach of implied warranty may occur after delivery, or when the latent

---

[1] Plaintiff alleges that "he already has a video game out for sale for multiple and major platforms." Compl., Ex. 139. This directly contradicts his statement that he is not a professional and that he has not made any money from video games.

[2] The definition of retail buyer is "any individual who buys consumer goods from a person engaged in the business of manufacturing, distributing, or selling consumer goods at retail. As used in this subdivision, "person" means any individual, partnership, corporation, limited liability company, association, or other legal entity that engages in any of these businesses." Cal. Civ. Code § 1791(b).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

defect manifests.'"  Opp., 16:385-87.  That quotation is not in the *Mexia* case, nor in any other case that Rokoko was able to identify.[3]  Regardless, because Plaintiff's claim accrued upon delivery of the products on or about September 18, 2020, December 23, 2020, and April 11, 2023—and each of those products was subject to a one-year warranty—Plaintiff's Song-Beverly Act claims are time-barred.  Compl., 19:25; 20:6; *see also* RJN, Exs. 1-3 (purchase orders), 5-6 (one-year warranties).

Finally, Plaintiff's allegations concerning Rokoko's warranties on its products versus the software are also misconstrued.  While Rokoko does offer a one-year warranty on its products (Compl., 53:8-10, *id.*, Ex. 61), it expressly disclaims any warranty on the use of its software (*Id.*, 24:1-5), which it is permitted to do under the Song Beverly Act.  Cal. Civ. Code. § 1791.3; *Mexia*, 174 Cal.App.4th at 1303.

Accordingly, Plaintiff does not and cannot plead and actionable Song-Beverly claim.

## C.    Plaintiff's False Advertising Fails As A Matter Of Law.

As with his tortious interference claim, Plaintiff has failed to meet the heightened pleading standard that applies to fraud in his false advertising claim.  To the extent this claim relates to the disclaimers of warranties mentioned above, there is nothing in the disclaimers that is false or misleading.  The disclaimers clearly state what is being disclaimed and conform with the requirements of Song-Beverly.  Plaintiff offers nothing to challenge or call this into question.[4]

Plaintiff's reliance on U.C.C. § 2-316(1) to support his claim that warranties cannot be disclaimed is also mistaken.[5]  The Code expressly states that words or conduct relevant to the creation of a warranty, and words or conduct that negates or limits a

---

[3] The quotations to the following cases cited by Plaintiff also do not exist:  *Murillo v. Fleetwood Enterprises, Inc.,* 17 Cal.4th 985 (Cal. 1988); *Corley v. Stryker Corp.,* 2014 U.S. Dist. LEXIS 92002 (W.D. La. May 27, 2014).
[4] For what it is worth, the sole quote that Plaintiff cites in his Complaint for support offers nothing to salvage his claim, and notably, it also does not exist.  *See* Compl., 25:6-10 (citing *People v. Dollar Rent-A-Car Sys.,* 211 Cal.App.3d 119 (1989)).
[5] This Code section is not referenced in the Complaint and therefore should not be considered.  *See Spindler v. City of Los Angeles,* 2018 U.S. Dist. LEXIS 228592, at *21.

warranty, will be read to be consistent whenever reasonable, making it clear that warranties can be negated.  U.C.C. § 2-316(1).  Further, section two and three of this Code, omitted by Plaintiff, provide guidelines for how to disclaim a warranty.

Accordingly, Plaintiff's false advertising claim should be dismissed.

**D.    Plaintiff's UCL And CLRA Claims Fail As A Matter Of Law.**

To state a claim under the CLRA, Plaintiff must meet the definition of "Consumer."  The definition of "Consumer" under the CLRA is "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d).  This definition is substantially similar to the definition under the Song-Beverly Act, and Plaintiff fails to meet this definition for all the reasons stated above.

Additionally, Plaintiff has failed to allege any facts that establish that Rokoko knew at the time of sale there was a defect, as is required to survive a motion to dismiss. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012).  In fact, Plaintiff's UCL and CLRA claims are completely devoid of any factual allegations, stated or incorporated, that would support such claims.  *See* Compl., 32:1-25 (Fifth and Sixth Causes of Action).  A complaint may incorporate by reference preceding paragraphs, however, this must be done with specificity.  *See Barboza v. Mercedes-Benz USA, LLC*, 2022 U.S. Dist. LEXIS 232366, at *18 (E.D. Cal. Dec. 27, 2022). Here, Plaintiff fails to incorporate by reference at all.

The fact that Plaintiff notified Rokoko of alleged defects after the products were delivered has no bearing on this claim.  Opp., 21:492-96.  The issue is whether Rokoko knew of such purported defects at the time of sale, and Plaintiff does not allege that it did.  Conclusory allegations are insufficient; a plaintiff must provide a "factual basis" showing how a defendant would have been aware of the alleged defect.  *Stewart v. Electrolux Home Products, Inc.*, 2018 WL 339059, at *8 (E.D. Cal. Jan. 9, 2018).  And here, Plaintiff fails to allege any competent facts anywhere in his Complaint that Rokoko knew of any supposed defects at the time of sale.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The CLRA claim also fails because Defendant failed to adhere to the 30-day prior notice requirement set forth in Cal. Civ. Code § 1782. In his Complaint, Defendant states that he provided notice in June 2025. Compl., 32:10-11. The Complaint was served on May 13, 2025. Even if Plaintiff's new assertion in his opposition that notice of his CLRA was provided to Rokoko on April 17, 2025—an assertion for which no evidence has been provided and which Rokoko disputes— Plaintiff still fails to meet the CLRA notice requirements, which are "strictly applied." *Allen v. Similasan Corp.*, 2013 WL 5436648, at *2 (S.D. Cal. Sept. 27, 2013).

Additionally, Plaintiff's UCL claims are derivative of his Song-Bervely Act and UCL claim. In his Opposition, Plaintiff alleges that there are independent bases for his UCL claim to stand. Opp., 23:546. However, none were pled in the Complaint. In fact, Plaintiff's UCL cause of action consists of two sentences and fails to incorporate by reference any other factual allegations that he contends support this claim. *See Spindler v. City of Los Angeles,* 2018 U.S. Dist. LEXIS 228592, at *21.

Accordingly, Plaintiff's UCL claim must be dismissed.

### E.  Plaintiff's Claim For "Misappropriation Of Intellectual Property" Should Be Dismissed.

Plaintiff's "misappropriation of intellectual property claim" fails as a matter of law.[6] Plaintiff's Complaint is devoid of any allegation that he owns protectable intellectual property that was misappropriated by Rokoko. *See e.g.*, *CleanFish, LLC v. Sims*, No. 19-CV-03663-HSG, 2020 WL 4732192, at *3 (N.D. Cal. Aug. 14, 2020) ("On a motion to dismiss, the burden is on the plaintiff to identify protectable trade secrets and '[show] that they exist.'") (citation omitted, emphasis added). In his opposition, Plaintiff claims that he "did not plead the obvious in his Complaint." Opp., 24:564-565. But conclusory allegations that "Defendant is using his intellectual property"

---

[6] Plaintiff's citation to *Defiance Button Mach. Co. v. C & C Metal 569 Prods. Corp.*, 759 F.2d 1053, 1063 (2d Cir. 1985) for the proposition that "[i]n order to successfully state a claim for trade secret misappropriation, courts require that the [plaintiff-]possessor of a trade secret take reasonable measures to protect its secrecy" is inaccurate. *See* Opp. at 24:568-572. That case does not have that quote at all.

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

(Compl., 40:22) are not sufficient to withstand a motion to dismiss. *See, e.g., Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss"); *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 U.S. Dist. LEXIS 212479, 2019 WL 6655274, *10 (C.D. Cal. 2019)    (granting motion to dismiss where    allegations    regarding    trade secret misappropriation were conclusory); *Veronica Foods Co. v. Ecklin*, No. 16-CV-07223-JCS, 2017 WL 2806706, at *14 (N.D. Cal. June 29, 2017) (finding allegation that defendants "have made improper and unauthorized use of [plaintiff's trade secrets] to solicit customers" was too conclusory to survive a motion to dismiss).

Plaintiff's contention that "digital forensics" show Rokoko misappropriated his intellectual property is also insufficient to support his claim. Opp., 25:589-591. Plaintiff still fails to allege anywhere in the Complaint any actual intellectual property, and the Complaint still remains devoid of any allegations that Rokoko acquired, disclosed, or used any such intellectual property through improper means. *Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal. App. 4th 288, 297 (2008) (emphasis added) (citation omitted); Civ. Code § 3426.1(a).

Accordingly, Plaintiff's claim for "misappropriation of intellectual property" should be dismissed.

## F.    Plaintiff's Intellectual Property Infringement Claim Fails As A Matter Of Law.

Plaintiff does not dispute that his Complaint is devoid of any allegations that he is the owner of a valid copyright. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'").

For the first time in his opposition, Plaintiff cites to a U.S. Copyright Office #14,954,598,732 (Opp. at 24:576), however, there is no such reference to such copyright in the actual Complaint. Moreover, even if Plaintiff were allowed to reference

a supposed copyright outside of the Complaint, Plaintiff has not provided any evidence confirming that such a copyright exists.

Accordingly, Plaintiff's claim for "intellectual property infringement" should be dismissed.

### G.    Plaintiff Claim Under The Digital Millenium Copyright Act Fails As A Matter Of Law.

As a preliminary matter, Plaintiff has failed make any actionable claim that Rokoko "intentionally remov[ed] or alter[ed] copyright management information" and distributed the information with knowledge that it had been removed or altered "without authority of the copyright owner or the law."  17 U.S.C. § 1202(b); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018) (requiring plaintiff to demonstrate "pattern of conduct or modus operandi" to establish the requisite mental state); *Falkner v. Gen. Motors LLC*, 393 F. Supp. 3d 927, 938 (C.D. Cal. 2018).  Plaintiff cites to *Stevens* for the proposition that "DMCA liability attaches if metadata was removed with the knowledge that it would conceal infringement."  Opp. at 28:665-667.  That quote is not in *Stevens*, nor in any other authority that Rokoko was able to identify.

To the extent that Plaintiff alleges that *unspecified* metadata is actionable under the DMCA, such allegations are not actionable under the DMCA.  *Mills v. Netflix, Inc.*, No. CV 19-7618-CBM-(AGRx), 2020 WL 548558, at *9 (C.D. Cal. Feb. 3, 2020) (granting motion to dismiss where plaintiff referred to "other metadata" and failed to identify the copyright management information contained in the "other metadata" that was allegedly removed or altered); *Harrington v. Pinterest, Inc.*, No. 5:20-cv-05290-EJD, 2022 WL 4348460, at *10-11 (N.D. Cal. Sep. 19, 2022) ("an allegation of wholesale metadata removal, without more, does not suffice" to allege intentional removal of copyright management information).

Accordingly, Plaintiff's DMCA claim fails as a matter of law and should be dismissed with prejudice.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 9 –

**H.    Plaintiff's "Unconscionable Contract Terms" Claim Fails As A Matter Of Law.**

Plaintiff does not dispute that Civ. Code section 1670.5 does not support an affirmative cause of action under California law. *See Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766 (1989) ("[T]he language of Civil Code section 1670.5 does not support the bringing of an affirmative cause of action thereunder for including an unconscionable clause in a contract."); *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1539 (2003) (under California law, "there is no cause of action for unconscionability" and the "doctrine is only a defense to contract enforcement").

Accordingly, this cause of action should be dismissed.

**I.    Plaintiff Has Failed To Plead A Claim For "Illegal Deployment Of Code & Privacy Violations."**

In his Opposition, Plaintiff contends that the "controlling authority on this exact issue" of his cause of action for "illegal deployment of code and privacy violations" is the California Invasion of Privacy Act ("CIPA"). Opp., 32:731. The California Penal Code creates a civil private right of action for CIPA violations. To the extent there is any ambiguity in the application of CIPA, that ambiguity should be construed in Rokoko's favor. *People v. Avery*, 27 Cal. 4th 49, 58 (2002) ("ambiguous penal statutes are construed in favor of defendants . . . [if] two reasonable interpretations of the same provision stand in relative equipoise"); *see Warden v. Kahn*, 99 Cal. App. 3d 805, 814, 818, n.3 (1979) (as a penal statute, ambiguity in Section 631 should be interpreted narrowly).

CIPA Section 631(a) "protects against three distinct types of harms: 'intentional wiretapping, willfully attempting to learn the contents or meaning of a communication in transit over a wire, and attempting to use or communicate information obtained as a result of engaging in either of the previous two activities.'" *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *15 (N.D. Cal. Sept. 26, 2013) citing

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Tavernetti v. Super. Ct.*, 22 Cal.3d 187, 192 (Cal. 1978).  "Section 631(a) further contains a fourth basis for liability, for anyone 'who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting Section 631(a)).  The first clause of Section 631(a) applies solely to telephonic communications.  *See Licea v. Cinmar*, 659 F. Supp. 3d 1096, 1105 (C.D. Cal. 2023); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825-26 (N.D. Cal. 2020).

Plaintiff does not allege that Rokoko violated any of the bases of liability under Section 631(a).  Instead, Plaintiff alleges that Rokoko "created, enabled and actively uses a secret backdoor within [its] software which allows them to send remote client-side code of any type, directed not only at Plaintiff but at any specific user, and execute it at will on that users machine without authorization or their knowledge."  Compl., 55:8-13.  Plaintiff also alleges that "[i]t is unconscionable to force users intellectual property . . . and telemetry usage . . . to your cloud services, without any opt-in or opt-out or use notification whatsoever."  Compl., 55:26-56:2.  These conclusory allegations do not sufficiently plead that Rokoko has violated Section 631(a).[7]

Moreover, Plaintiff's contention that Rokoko has violated Penal Code § 502 also fails.  Plaintiff has not alleged that Rokoko "accessed" Plaintiff's computer or that such access was without permission.  *See* Penal Code § 502(b)(1) ("'[a]ccess' means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network."); *see also Perkins v. LinkedIn Corp.,* 53 F. Supp. 3d 1190, 1219 (N.D. Cal. 2014) (finding plaintiffs' complaint insufficient to allege a Section 502 violation where complaint's allegations lack "specificity regarding what technical or code-based barriers were in place," "who overcame those barriers and how").  Instead, Plaintiff alleges that Rokoko "created,

---

[7] Plaintiff's citation to the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2523, is equally inapplicable here.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

enabled and actively uses a secret backdoor within Plaintiff's software which allows them to send remote client-side code of any type, directed not only at Plaintiff but at any specific user, and execute it at will on that users machine without authorization or their knowledge." Compl., 55:8-14.  Nor has Plaintiff alleged that he suffered any "damages or loss" under Section 502. *Perkins*, 53 F. Supp. 3d at 1219 (dismissing claim where the plaintiff did not "adequately allege[] . . . tangible harm from the alleged Section 502 violations).

As for Plaintiff's contention that Rokoko failed to address his CFAA claim, for the reasons set forth in Rokoko's Motion to Dismiss, that claims fails as well because Plaintiff has not plead any specific violation under 18 U.S.C. § 1030(a)(1)-(7); *see also LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1130-1131 (9th Cir. 2009) (holding that "a private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5)(B).").

Accordingly, Plaintiff claim for "illegal deployment of code and privacy violations" should be dismissed without leave to amend.

**J.    Each of Plaintiff's Fraud-Based Claims Fall Well Short of Rule 9(b)'s Heightened Pleading Requirements.**

Rule 9(b) requires that "the circumstances ***constituting*** [an] alleged fraud be specific enough to give defendants notice of the particular misconduct." *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (quotations omitted) (emphasis added).  While this certainly means that such fraud-based claims must identify with factual particularity the who, what, when, where, and how of the alleged misrepresentation, these circumstances alone do not necessarily "constitute" the fraud: "The statement in question must be false to be fraudulent." *See In re Glenfed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (internal citations omitted), superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pham. Corp.,* 927 F. Supp. 1297 (C.D. Cal. 1996).  In short, it is insufficient to "set

forth conclusory allegations of fraud ... punctuated by a handful of neutral facts", which is precisely what Plaintiff has done here. *See Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1989). Plaintiff must do "***more***": Rule 9(b) requires that Plaintiff "set forth with particularity those circumstances which ***constitute*** the fraud." *In re Glenfed, Inc. Sec. Litig.,* 42 F.3d at 1548 (italics in original; emphasis added). Plaintiff has clearly failed to do so.

For example, Plaintiff's cause of action for fraudulent inducement consists of a single paragraph and merely alleges that "consumers were provided an alternate reality from actuality and at all times Defendant knew it would be relied on so that they could defraud those individual of intellectual property and monetary resources alike while simultaneously forcing them to agree to unconscionable terms and conditions without any knowledge of those conditions whatsoever." Compl., 56:19-25.

Plaintiff's fraudulent misrepresentation to investors claim does not fare any better. Among other, those allegations consist of:

- Allegations that Rokoko changed its name to avoid confusion (Compl., 60:8);

- Allegations that Rokoko has a "coordinated scheme between multiple entities to solicit funds through misrepresentation (Compl., 61:3-5);

- Allegations that Rokoko's financial statements a "fraudulent" (Compl., 62:3-22);

- Allegations that Rokoko "claims to have 80 employees yet their financial reports state only 45 as of 2023" (Compl., 63:23-26); and

- Allegations that Rokoko's Copenhagen office is a "basement with no visible loading access, no apparent infrastructure for servers or production equipment, and is located behind a locked gate (Compl., 65:1-4).

But these are merely conclusory allegations, unsupported by any of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 13 –

particularized facts that Rule 9(b) requires.  Fraud claims are precisely the kind of serious accusation that must be backed-up in the pleadings with factual particularity, which Plaintiff has failed to do.

Accordingly, Plaintiff's causes of action for fraudulent inducement, fraudulent misrepresentation, and fraudulent concealment should be dismissed.

## III.    CONCLUSION

For the reasons stated herein, the Court should sustain Rokoko's Motion to Dismiss in its entirety without leave to amend.

DATED:  July 21, 2025                    REED SMITH LLP

By: */s/ Katherine J. Ellena*_____
Katherine J. Ellena
Michael Galibois (*pro hac vice*)
Emily Graue (*pro hac vice*)

*Attorneys for Defendant*
*Rokoko Electronics*

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Rokoko Electronics, Inc., certifies that this brief contains 4,445 words, which complies with the word limit of L.R. 11-6.2.


DATED:  July 21, 2025


*/s/ Katherine J. Ellena*
Katherine J. Ellena

REPLY IN SUPPORT OF MOTION TO DISMISS TO COMPLAINT