Katherine J. Ellena (SBN 324160)
kellena@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Michael B. Galibois (*pro hac vice*)
mgalibois@reedsmith.com
Emily Graue (*pro hac vice*)
egraue@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: +1 312.207 1000
Facsimile: +1 312.207 6400

*Attorneys for Defendant,*
Rokoko Electronics

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW R. WALSH<br><br>Plaintiff,<br><br>vs.<br><br>ROKOKO ELECTRONICS, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 2:25-cv-05340-ODW-RAO<br><br>[*Assigned to Hon. Otis D. Wright, II, Courtroom 5D*]<br><br>**DEFENDANT ROKOKO ELECTRONICS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ROKOKO'S REMOVAL**<br><br>Date:     August 18, 2025<br>Time:    1:30 p.m.<br>Place:   Dept. 5D<br><br>[*Concurrently Filed With* Declaration of Mikkel Overby]<br><br>State Court Action Filed: May 12, 2025<br>Removal Date: June 12, 2025<br>Trial Date: None |

## I. INTRODUCTION

Plaintiff's Motion to Strike Rokoko Electronics' ("Rokoko") removal to this Court does nothing to challenge Rokoko's state of incorporation (Delaware), nor its principal place of business (Copenhagen, Denmark). Rokoko's corporate filings and ***unrebutted***, sworn declarations (submitted at the time of removal and in support of this Opposition) confirm Rokoko is a Delaware corporation, with its headquarters, its operations, and ***all*** management decisions made in Denmark, not in California. (*See* Declaration of Mikkel Overby ("Overby Decl.")). Rokoko's senior management team, including its Founder/CEO and its CFO/COO, all reside and work in Denmark, as do other senior executives and approximately 30 other employees. *Id.*, ¶ 4. This has always been the case (accounting for growth in employees). From its initial formation until present, Rokoko continuously has been (without interruption) a Delaware corporation, with its principal place of business (*i.e.*, its nerve center) in Denmark. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (A defendant's principal place of business is its nerve center where high level corporate officers "direct, control, and coordinate the corporation's activities.").

For his part, Plaintiff's misstatements and fabrications do nothing to challenge or change Rokoko's citizenship or that diversity jurisdiction exists. For these reasons and the reasons set forth below, Plaintiff's Motion to Strike must be denied.

## II. ARGUMENT

### A. Rokoko Is Not A Citizen Of California.

"A corporation is a citizen of the state in which it is incorporated and the one in which its principal place of business is located." *Malamed v. First W. Cap. Mgmt. Co.*, 2017 U.S. Dist. LEXIS 27244, 2017 WL 1393023, at *2 (C.D. Cal. Feb. 24, 2017) (citing 28 U.S.C. § 1332(c)).

Plaintiff does not dispute that Rokoko is incorporated in Delaware.[1] Instead, Plaintiff—while completely ignoring the incontrovertible facts substantiating Rokoko's principal place of business is in Denmark (*see* ECF No. 1; *see also* ECF No. 1-4)—hopes to cast doubt on Rokoko's principal place of business by raising a number of fabricated and immaterial points. The law, however, does not permit him to do so.

### 1. Principal Place of Business Is In Copenhagen, Denmark.

A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which is known as its "nerve center." *Hertz*, 559 U.S. at 92-93 (cleaned up) (adopting the nerve center test; "[w]e conclude that 'principal place of business' is … the corporation's 'nerve center'"); *3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018) (holding "nerve center" test applies to determine a company's "principal place of business"). In *Hertz*, the U.S. Supreme Court held that "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93. "This 'nerve center' is 'typically ... found at a corporation's headquarters.'" *3123 SMB LLC*, 880 F.3d at 463 (citing *Hertz*, 559 U.S. at 78); *Hines v. KFC U.S. Properties, Inc.*, No. 09CV2422 JM(POR), 2010 WL 596439, at *2 (S.D. Cal. Feb. 16, 2010) ("Under the 'nerve center test,' the court considers relevant factors such as the location of the corporate/executive offices…"). A corporation can only have one "nerve center," even if it operates in multiple states. *Hertz*, 559 U.S. at 79 ("A corporation's 'nerve center,' usually its main headquarters, is a single place.").

---

[1] Plaintiff asserts that Rokoko also "has a Delaware LLC of the same name, which makes the removing entity a citizen of every state." Mot., 13:247-249. This is as factually untrue as much as it also is legally incorrect. Rokoko Electronics, Inc. sold the product at issue (*see* ECF No. 1-1, p. 19-20) and—as the lone defendant to this action—Rokoko Electronics, Inc.'s citizenship (which is diverse from Plaintiff) is all that matters. Rokoko Electronics, Inc. has *never* had any interest in an entity known as Rokoko LLC, or any Delaware LLC at any point in time. Overby Decl., ¶ 11. So in addition to Rokoko LLC not even being a defendant to this action, the citizenship of the members of Rokoko LLC—whomever they are and whatever their citizenship—is completely immaterial.

"In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer resides and maintains his or her office, where the other officers reside, where the corporation's high level decisions are made, and where the corporation's finance and accounting functions are performed." *Peich v. Flatiron W., Inc.*, 2016 U.S. Dist. LEXIS 155803, 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) (internal quotation marks and citations omitted).

Here, there is no dispute (much less a genuine question) that Rokoko's "nerve center" is in Copenhagen, Denmark, where it is headquartered and where its corporate officers direct, control, and coordinate Rokoko's major executive activities, including but not limited to, those relating to policies and procedures, human resources, legal affairs, finances, budgets, and general day-to-day operations and administration of the business. Overby Decl., ¶ 6; *see also Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*, 725 F. App'x 592, 593 (9th Cir. 2018) (reversing district court's determination that nerve center was not in the location where its corporate officers were located).

More specifically, Rokoko's key executive officers, including its Founder & CEO and its CFO/COO, all reside in Copenhagen and conduct the majority of their general operations from there.[2]  Overby Decl., ¶ 8. These officers carry out the "overall direction, control, and coordination" of Rokoko's company-wide activities. *Hertz*, 559 U.S. at 96; *see also Robertson v. GMAC Mortg., LLC*, 702 F. App'x 595, 598 (9th Cir. 2017) (finding the "nerve center" was where the company's "key executives, including its president, were located"); *Sporn v. TransUnion Interactive, Inc.*, 2019 U.S. Dist.

---

[2] Contrary to Plaintiff's contention otherwise (Mot., 14:267-15:279), Plaintiff has not named any individual defendants in this action; the sole defendant is Rokoko. Accordingly, this Court need not address the citizenship of its executives for purposes of deciding this Motion. Nevertheless, Plaintiff is correct that Mikkel Overby, Jakob Balslev, and Matias Sondergaard are all residents of Copenhagen. Overby Decl., ¶ 8. Plaintiff's assertion that Rokoko's CEO, Jakob Balslev, lives in California is false. Mot., 16:295-297; 17:318-322. Mr. Balslev resided in California from September 2016 to January 2020, but he returned to Copenhagen in 2020, and has resided in Copenhagen since then. *Id.*, ¶ 9.

LEXIS 4965, *8 (C.D. Cal. Jan. 10, 2019) (finding a principal place of business where the majority of its executives worked and lived).

Moreover, since as early as 2016, Rokoko's filings with the California Secretary of State have identified Copenhagen as its "principal executive office." Overby Decl., ¶ 7, Ex. A. While Plaintiff attempts to paint Rokoko's Copenhagen office as a 400 square feet "abandoned and gate-secured basement cellar" (Mot., 18:340-352), the facts show anything but. In truth, approximately 30 employees are based out of Rokoko's Copenhagen office, which is approximately 86.4 square meters with a 62 square meter basement. *Id.*, ¶¶ 4-5.

### 2. Rokoko's Nerve Center Is Not Located In California.

Plaintiff's fabrications and mis-statements are not competent evidence that Rokoko's "nerve center" is in California.

Plaintiff principally contends that Rokoko has an office in California, that some of its executives reside in California, and that it markets in California. But except for certain on-line marketing that is available on-line to anyone (including residents of California), these statements range from completely false to misleading. For example, none of Rokoko's executives live in California and Rokoko also does not have an office in California; instead it leases office space in a co-working space. *Id.*, ¶ 10.

Moreover, even with respect to Plaintiff's argument that Rokoko's marketing is accessible in California and Rokoko has California customers, this does not make Rokoko a citizen of California for purposes of diversity jurisdiction. Courts have repeatedly held that corporations are not citizens of every state in which it conducts business operations, or even where the corporation does the majority of its business. *Martinez v. Check 'N Go of California, Inc.*, No. 15-CV-1864 H (RBB), 2016 WL 6103166, at *3, n. 1 (S.D. Cal. Feb. 18, 2016) (denying Plaintiff's remand motion which argued that principal place of business was where defendant operated many locations because "the Supreme Court expressly rejected the notion that a corporation's principal place of business for diversity purposes should be the place where the corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

conducts most of its business activities"); *see also Hertz,* 559 US at 96 ("[I]f the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York"); *Buckley v. BMW N. Am.,* 2019 U.S. Dist. LEXIS 207423, at *17-18 (C.D. Cal. Dec. 2, 2019) ("That [Defendant] has contacts with California or conducts substantial business activities in California is not determinative of BMW NA's citizenship for the purposes of diversity jurisdiction…"); *Dejong v. Prod. Assocs.,* 2015 U.S. Dist. LEXIS 35286, at *23 (C.D. Cal. March 19, 2015) ("The fact, therefore, that 60-65% of PA's business activities visible to the public occur in Las Vegas, Nevada, is not determinative under the 'nerve center' test."); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.,* 805 F.Supp.2d 932, 940-41 (C.D. Cal. 2011) ("Plaintiff assumes Defendant Raytheon SAS is a California company because of its highly visible business activities within the state; however, Defendant has pled facts indicating its executive-level decisions are made from Raytheon Company's Waltham, Massachusetts headquarters and, under the 'nerve center' test, the Court finds that to be determinative.").

So as it stands then, the sole competent, relevant evidence conclusively establishes that Copenhagen, Denmark is where Rokoko's corporate officers direct, control and coordinate its activities, and therefore, Copenhagen is Rokoko's principal place of business. Complete diversity exists.

**B.  Plaintiff's Other Requests For Relief Must Be Denied.**

The additional relief sought in Plaintiff's Motion should all be summarily denied. As for Plaintiff's request that a default be entered against Rokoko, Rokoko timely filed its motion to dismiss, which is currently pending before this Court.[3] There is simply no basis to enter default.

---

[3] The meet and confer efforts by Rokoko's counsel in connection with its Motion to Dismiss are set forth in detail in the Declaration of Katherine J. Ellena.  *See* ECF No. 42-1.

Plaintiff's requests for sanctions or that Reed Smith be disqualified from this action should also be rejected out of hand. Contrary to Plaintiff's contentions, a Reed Smith attorney licensed in California has filed each document in this action. That additional attorneys have been included in signature blocks indicating that *pro hac* petitions were pending (which petitions were eventually granted) further demonstrates there has not been any "unauthorized practice of law". Mot., 23:446-447.

Accordingly, the Court must deny Plaintiff's additional requests for relief.

### III. CONCLUSION

For the reasons stated herein, the Court should deny Plaintiff's Motion to Strike Rokoko's removal.

DATED: July 28, 2025

REED SMITH LLP

By: */s/ Katherine J. Ellena*
Katherine J. Ellena
Michael Galibois (*pro hac vice*)
Emily Graue (*pro hac vice*)

*Attorneys for Defendant Rokoko Electronics*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Rokoko Electronics, certifies that this brief contains 1,817 words, which complies with the word limit of L.R. 11-6.2.

DATED: July 28, 2025

                                              */s/ Katherine J. Ellena*
                                              Katherine J. Ellena