MATTHEW R. WALSH
19197 GOLDEN VALLEY RD #333
SANTA CLARITA, CA 91387
(661) 644-0012

Plaintiff In Pro Per,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW R. WALSH<br>19197 GOLDEN VALLEY RD #333<br>SANTA CLARITA, CA 91387,<br><br>    Plaintiff In Pro Per,<br><br>vs.<br><br>ROKOKO ELECTRONICS<br>(AND DOES 1 THROUGH 50, INCLUSIVE)<br>31416 AGOURA RD STE 118<br>WESTLAKE VILLAGE, CA 91361<br><br>    Defendant | Case No.: 2:25-CV-5340-ODW-RAO<br><br>Before: Hon. Otis D. Wright II<br>Courtroom 5D<br><br>Hearing date: August 8, 2025<br>Hearing time: 1:30PM<br>Place: Dept. 5D<br><br>**PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL** |

## PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL

1. **THEY ADMIT TO LYING UNDER PENALTY OF PERJURY**

   Plaintiff respectfully breaks form with his prior filings and offers the Court a candid statement: **They lied to you. They got caught. Now they admit it.** They showed contempt for this Court, this process, this case, myself as a Plaintiff and now hope that the judicial machine will keep running flawlessly to carry them to the finish line praying

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 1

1. for judicial pardons in which they do not deserve.

2. At the beginning of this case, Defendant Mikkel Overby made a very clear statement under penalty of perjury in order to secure Federal jurisdiction:

   *"Rokoko's principal place of business is located at Sankt Gertruds Stræde 10, 1129 København, Denmark, from where Rokoko's senior executives direct, control, and coordinate the company's primary business activities on a day-to-day basis"* -- *"At no point prior to filing or at the time of filing was Rokoko a citizen of California. Rokoko has only ever been a Delaware corporation with a principal place of business in Denmark."* – *"I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct."*

3. **DEFENDANT LIED TO THE COURT ABOUT CITIZENSHIP**

4. Defendant confidently stated under penalty of perjury *"At no point prior to filing or at the time of filing was Rokoko a citizen of California"*. However, now Defendant states: *"While Jakob Balslev, Rokoko's Founder & CEO, lived in California from September 2016 to January 2020, he returned to live in Copenhagen in 2020 and has lived there since"*. Defendant said the word "never" and "at no point" even "prior to filing". That statement was clearly a lie used to secure an improper removal:

5. Never doesn't mean "for years". Never means – zero, zilch, nada, not ever once, ever, without existence, absolutely false, no gray area, binary 0, a blank empty spot on the map
PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 2

where they had not once stepped foot on the ground. Yet, Defendant finally admits after being caught making false statements that their CEO lives in San Francisco and has since 2016.

6. Defendant's CEO has owned homes, sold them, fathered children and that Rokoko even leased space even within the last year according to Defendant: *"**Within the last year**, Rokoko transitioned from leasing space in a co-working office in San Francisco, California"* while only in the sentence before it says *"[Jakob/CEO] returned to live in Copenhagen in 2020 and has lived there since."*. Yet again, Defendant just stated they were leasing space even into last year.

7. With each accusation Plaintiff asserts, Defendant somehow unearths and presents the Court with even more controversy time and time again. The Court should take their *'cutoff to do business in California was 2024, we're being sued in 2025, forget all the other things that happened, nothing to see here'* statements and arguments with a grain of salt. They opened a warehouse in California just this year as shown in the evidence.

8. **<u>LEASING SPACE IN CALIFORNIA AND EMPLOYING WITHIN THE STATE – MAKES YOU A CITIZEN OF CALIFORNIA</u>**

9. Defendant openly admits from 2016 – 2020 (although social media posts still say the CEO resides in California today) that Rokoko was a citizen of California. The CEO lived here, the CHIEF – EXECUTIVE - OFFICER of a company is it's deity. As it's deity, the CEO has the power to create, destroy, restructure, command, control above all others.

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 3

Jakob, the CEO who lives in San Francisco *is* the nerve center – and Defendant admits he at least lived here until 2020 after previously telling the Court "never"

10. Defendant admits they leased space as of 2024. On top of the mountain of evidence Plaintiff has provided the Court which clearly show California is the nerve center – all of that becomes shadowed behind one simple fact: Rokoko admits to having an employee here presently*: "Rokoko has one employee in California, who reports to Rokoko's CEO and myself in Copenhagen.".* Rokoko wants the Court to believe this lone California employee is an anomaly — but under the law, that one admission alone collapses their entire diversity argument.

11. In fact, the FTB (Franchise Tax Board), Superior Court and multiple government rules and regulations specifically states Defendant is considered to be "doing business" in California if **any one** of the following are true:

   a. *["**You're actively engaging in any transaction for the purpose of financial gain within California.** This can include providing services, receiving program fees, or generating any kind of revenue within the state—even passively or through partnerships."]* – Plaintiff has proven irrefutably that this is true (kickstarter live events, prize money, customer sales, investor income, etc.)

   b. *["**Your organization is organized or commercially domiciled in California.** This applies if California serves as your principal place of operations or decision-

*making, even if you're incorporated elsewhere."]* – Plaintiff has proven this to be true as well and Defendant now admits the CEO lived here for years (and still claims to); board members live here as well presently (Stef Corazza).

    c. *["**Your California sales, property or payroll exceed the following amounts:** CA real and tangible personal property exceed (either the threshold amount or 25% of total property) **$73,502**   CA payroll compensation exceeds (either the threshold amount or 25% of total payroll) **$73,502**"]* – Defendant's verified Glassdoor hiring website shows their pay for the San Francisco role is $89k-$159k/yr, officially triggering another prong in which the FTB considers them "doing business in California". It's worth noting, the Glassdoor page states Rokoko is an "Engaged Employer" meaning the listings are not stale – Rokoko is quite active in response.

12. **DEFENDANT DOUBLED OWN ON THE ORIGINAL FALSE STATEMENT**

    ["*Rokoko has **only ever** been a Delaware corporation with a principal place of business in Denmark.*"] – This was proven absolutely false through vast sums of evidence and further, has been discredited by Defendant's own statements: *"While Jakob Balslev, Rokoko's Founder & CEO, lived in California from September 2016 to January 2020"*. Incorporating in a distant state where you have no interest in, have never been to, will never visit is not a magic wand which erases true citizenship. The fact of the matter is – until Court was involved, Defendant has never **once** mentioned Delaware in a single piece of advertising, marketing, website page, press release, policy, term, condition; all

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 5

while simultaneously and very obviously – running an enterprise from San Francisco, California; and admitting to the same. If you are "doing business" in California – then you're doing business in California. The state offers no gray area as an escape hatch.

13. **DEFENDANT ADMITS NO DIVERSITY OF CITIZENSHIP**

14. Diversity of citizenship is entirely about state of incorporation and the citizenship of the natural owners. Defendant destroyed citizenship themselves when they openly stated: *"Rokoko's key executive officers—including its Founder & CEO, myself, and Matias Sondergaard—reside in Copenhagen and conduct the majority of our general operations from Denmark. None of Rokoko's executives reside in California"* and *"While Jakob Balslev, Rokoko's Founder & CEO, lived in California from September 2016 to January 2020, he returned to live in Copenhagen in 2020 and has lived there since."*.

15. The issue with Defendant's newly revised statements rests solely on very simple concepts and admissions – **he admits not even one of the controlling members is an American Citizen**; and admits even further **– Delaware is not the final stop of Rokoko**, the final stop is Denmark; if no members of the Company reside in the United States, and no members of the Company are American citizens, then just as this very Court has pointed out: . *"[I]n order to be a citizen of a State within the meaning of diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."* — Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

16. If Defendant's statements are to be taken as truth and they are in fact entirely Danish in daily life and domicile; and they are not domiciled in *any* state or even the *entire* country, then there is no **diversity** of **citizenship** because – there is **no citizenship** for diversity to even exist. It's literally in the name. Therefore, Defendant inherit's legal bias from *no state* much less one over the other - which is the entire point of diversity jurisdiction: *"The historical justification for federal diversity jurisdiction was the need to assure an out-of-state litigant that there was a forum to which he could resort where he need fear no bias"* – **Judge Howard C. Bratton.**

17. **<u>DEFENDANTS LIED ABOUT THEIR NERVE CENTER, DID NOTHING TO DISPROVE</u>**

18. *"The office in Denmark houses approximately 30 employees, including Rokoko's Founder & CEO, myself, and other senior level executives." … "The Denmark office is approximately 886.4 square meters with a 62 square meter basement"*. Plaintiff already sent private investigators there who proved that it is a 400sqft basement with no staff, no inventory, no equipment and which stays locked during business hours.

19. Plaintiff once offered Defendant to prove via zoom in 48 hours that their office was real, that staff existed and inventory existed. Defendant made excuses about inventory, agreed to show the office and then ghosted the entire Arbitration proceeding after. Three months after litigation began and dozens of accusations about a false front enterprise – Defendant simply offers the Court one statement to counteract all the evidence and claims: *"trust me, your honor"*. Not one picture, video or shred of evidence submitted to disprove

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 7

Plaintiff.

20. **FALSE ADVERTISING, UCL, CLRA, FRAUD AND INDUCING RELIANCE HAS NOW BEEN EXPRESSLY ADMITTED IN A DECLARATION**

21. Defendant's websites, investor materials and advertising states they have "teams" of 100+ employees in every city. Defendant now admits *"The office in Denmark houses approximately 30 employees"*. That is not 100+.

22. Defendant also admits, there are no "teams" in California. In fact, there is only merely one employee *"Rokoko has one employee in California"* and finally – Defendant admits, their California "offices" are a sham, a façade, just as Plaintiff has illustrated and demonstrated since the initial Complaint *"Within the last year, Rokoko transitioned from leasing space in a co-working office in San Francisco, California to a completely virtual office."*. Virtual office, means non-existent operational front.

23. Defendant now admits they are **not a worldwide corporation** like Defendant tell's customers and investors, they don't have a single functioning office and even if they did – it would be ONE office with 30 employees. Finally they admit the truth: That Rokoko is not a worldwide presence in absolutely pivotal major cities with teams of people worldwide. Defendant is really a small neighborhood online business the scale of a family restaurant who tells potential customers and investors *"we're a massive worldwide provider of mocap suits that outnumbers, outperforms and outpaces every competitor with teams of employees and locations in Denmark, Athens, Los Angeles, San*

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 8

*Francisco, Tokyo! Give your money to us!"* when not one of those statements is true and made to gain a valuation of $250M for their main company and potentially hundreds of millions more for their Parallel Company in which they misappropriate intellectual property to. Convincing investors and potential customers you're the size of McDonalds when you're just one burger joint McDowell's in Harlem and taking both their money? That's fraud.

24. **DEFENDANT IS STILL LYING TO THE COURT – RE: THE LLC**

25. Defendant states: *"Rokoko Electronics, Inc. has never had any interest in an entity known as Rokoko LLC, or any Delaware LLC at any point in time."*. However, Plaintiff tracked down the filing source of the Delaware LLC beyond the resident agent and found it was filed through LegalZoom, less than 1 year after Defendant created Rokoko Electronics, Inc. LegalZoom confirmed they had overlapping ownership and said verbatim *"you may serve Jakob upon either company should you choose and we will make sure it is forwarded to him."*

26. Rokoko because of the LLC is a citizen of every state and gives Superior Court jurisdiction over Federal as found in (28 U.S.C. 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989))

27. **UNAUTHORIZED PRACTICE OF LAW**

28. Defendant's Counsel cleverly chose their words. *"Contrary to Plaintiff's contentions, a ReedSmith attorney licensed in California has filed each document in this action."*.

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 9

Plaintiff never stated a licensed attorney didn't file the documents; that's a moot point – the forensic evidence and Plaintiff's statements show unequivocally: Opposing Counsel used non-admitted, out-of-state attorneys with no pro hac vice status **to author and forge signtures** on their key filings. The contention that a California attorney was overseeing is still strictly forbidden under ABA Model Rule 5.5(b)(1) *"A lawyer shall not practice law in a jurisdiction in violation of the regulation of the profession in that jurisdiction,* ***or assist another in doing so."***

29. For a signature to be valid, it must be made *after* the content of the document has been authored and is finalized. In each of the documents, the last modified time zone is Eastern/Chicago UTC -04:00 hours. Therefore it is *impossible* that Katherine J. Ellena signed her signature *after* the documents were authored. Forensic evidence proves this unequivocally and makes the signatures instead placed by unadmitted counsel a forgery under West v. 284 United States, Weiss v. Phillips, , 18 U.S.C. 1621(2) and shows clearly the content was authored by unadmitted attorneys.

30. Further, again, as detailed in the Motion to Strike Removal, Defendant's Counsel continued e-mailing and calling Plaintiff *after* being removed from docket and authored documents with no pro hac vice status – ABA Model Rule 5.5(d)(1) strictly forbids **any practice of law** even if of the same national firm *"are provided to the lawyer's employer or its organizational affiliates, are not services for which the forum requires pro hac vice admission;"*

31. **COUNSEL LIED TO THE COURT SAYING PRO HAC VICE WAS PENDING**

Counsel's statement to the Court that at the time of filing the removal and other important

documents pro hac vice was "pending" is a blatant lie easily concludable by looking at the docket. For pending status to occur, you must actually apply first.

32. Counsel only applied for pro hac vice status *after* being removed from docket. By then and after the damage had been done and the judicial machinery had been disrupted and the judicial process tainted. This was not an accident, ReedSmith is an international megafirm with ~1,300 attorneys; certainly at least one of them remembers the rules of ethics. The most likely explanation is that ReedSmith more than likely performs these unethical and illegal practices often. In fact, if the Court has access to the original filings from any case, simple analysis would likely prove Plaintiff's estimation correct.

33. Defendant erred in their thinking that no one would find out and that the metadata would not exist. Normally, they'd be right. When a party uploads files via CM/ECF, the Court system flattens the PDF and stamps it – erasing metadata entirely. The distinction here is, since they are in the rare scenario of facing an in pro per, the rules of service requires them to send the original PDF files to Plaintiff directly. With the original documents intact, forensics could be performed which showed precisely what Plaintiff alleged – Katherine J. Ellena did not author or sign at least the following files: Removal Cover Sheet, Notice of Removal, her Original Declaration (which explains the hearsay from Emily Graue's perspective) and the Ex Parte Motion for Extension of time. **Those documents and all downstream documents and the removal itself are tainted and must be stricken.**

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 11

34. Counsel used illegal and unethical practices to secure a Federal Removal within hours of the end of the Court day on the 30th day because **they were out of options in state due to the merits and evidence.** Counsel tends to wait until the last day to file anything, the removal was no different. They waited too long to safely apply for pro hac vice status before filing the removal as required by L.R. 83-2.1.1, 83.2.1.4, CA Business & Professions Code 6125 and 6126, ABA Rule 5.5 (b), (d) and multiple other statutes. Counsel therefore *had to* break the law and rules of ethics to avert clerks entry of default which was hours away. The action and intent *alone* is sanctionable.

35. On top of all of it, when Counsel finally had a chance to clear their name and deny it – they didn't – because -- they can't. They just pick the one point that matters the least, focus on that and address nothing else: *"a Reed Smith attorney licensed in California has filed each document in this action."*. Obvious to any reader, if Unauthorized Practice of Law did **not** occur, they would have instead stated *"Katherine J. Ellena, licensed in California has* **authored, signed and** *filed each document in this action."*. Seeking plausible deniability in the face of accusations like this while simultaneously leaving gaps and silence as to the authoring and signing of those documents means only one thing – **ReedSmith for about the tenth time does not contest them and they must be admitted as true as this motion seeks to address just that.**

36. **AN ADMITTED ATTORNEY FILING UPL DOCUMENTS IS NOT THE ISSUE**

    A client is barely prejudiced when a non-attorney "clicks submit". The filing action itself is not the issue. It's the unauthorized practice of law itself that prejudices a client. The

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 12

fact that Counsel sees no problem with their behavior and actions and must have it explained to them by an in pro per, is exactly the issue. The prejudice comes to both the Plaintiff and the Defendant as clients:   **(first)** It's disrupting the rhythm of the judicial system using attorneys who are not allowed to practice law file critical documents at the last second before Default because those same attorneys 'forgot' to even apply for pro hac vice in time to secure the removal   **(second)**  It's the boilerplate denials where the client is paying a premium for real rebuttal and defense.   **(third)** It's the failures of inexperienced, rushed counsel to even spell "MOTION" properly and instead write "MOTON".   **(fourth)** It's the constant 7-3 violations making every motion filed by Defense strikable.   **(fifth)** It's filing a Motion to Dismiss as an answer untimely, improper and hugely defective to the point Counsel failed to even include a Memorandum of Points and Authorities   **(sixth)** It's falsifying word countes and certifications.   **(seventh)** It's leaving an associate unfamiliar with California law who has had her license for only months to make all of these mistakes on behalf of her client **(eighth)** It's having the only qualified attorney non-present during or after the drafting of critical documents and timelines; and having unadmitted counsel forge her signature to make the client and Court believe they are expertly written, compliant documents all while the client is paying one of the largest firms in the world for premium service and wishing for success in a multi-million dollar suit. **Precisely what has occurred in this case is what unauthorized practice of law rules and statutes were enacted to prevent.**

37. **CONCLUSION**

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 13

Defendant and their Counsel had their chance to litigate. They had their chance to submit meaningful evidence and truthful testimony. They chose not to over and over again. 7 months pre-litigation discussions. ODR. Arbitration. Small Claims. State Court, now Federal and not one actual rebuttal or contradictory evidence; just lies and improper filings. Plaintiff asks for equity. Plaintiff respectfully asks that the Court strike their entire removal and all subsequently filed documents as they are ultra vires. No prejudice will occur. Defendant has already waived their defenses by failing to answer properly, demur or raise them in time and have expressly admitted to *every* cause of action. This matter deserves no trial. Summary judgment is appropriate.

## REQUEST FOR RELIEF

Plaintiff respectfully asks the Court to:

I. Not to simply remand this case, but to **Strike the Notice of Removal in its entirety.**

II. Strike all federal filings submitted by Defendant or their unauthorized representatives;

III. Allow this case to be again heard by the California Superior Court immediately, but without the legal protections offered by a standard remand (one who has not been stricken) with no tolling protections to be available after.

IV. Award reasonable attorney's fees, actual costs and miscellaneous costs under 28 U.S.C. § 1447(c);

V. Issue sanctions under Rule 11 or the Court's inherent powers to deter similar conduct and punish the offenders.

PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION FOR MOTION TO STRIKE REMOVAL - 14

VI. Disqualify ReedSmith (Defendant's Counsel) from counsel of record for all the aforementioned and continuous unauthorized practice of law pursuant to Rules 5.5, 9.40, CA BPC § 6125, § 6126 and the inherent authority of the Court under *(People ex rel. Dept. of Corporations v. SpeeDee Oil Change (1999) 20 Cal.4th 1135, Kirk v. First American Title Ins. Co. (2010) 183 Cal.App.4th 776)*

I declare under penalty of perjury all the above is true and correct.

Executed this 28th day of July, 2025, in Santa Clarita, California.

_____
Matthew R. Walsh
Plaintiff In Pro Per

CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff appearing in pro per, certifies that this brief contains 3,293 words which complies with the word limit of L.R. 11-6.2 and the standing order of the Court.

DATED: July 28, 2025

Matthew R. Walsh
Plaintiff In Pro Per