MATTHEW R. WALSH
19197 GOLDEN VALLEY RD #333
SANTA CLARITA, CA 91387
(661) 644-0012

Plaintiff In Pro Per,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW R. WALSH<br>19197 GOLDEN VALLEY RD #333<br>SANTA CLARITA, CA 91387,<br><br>      Plaintiff In Pro Per,<br><br>vs.<br><br>ROKOKO ELECTRONICS<br>(AND DOES 1 THROUGH 50, INCLUSIVE)<br>31416 AGOURA RD STE 118<br>WESTLAKE VILLAGE, CA 91361<br><br>      Defendant | Case No.: 2:25-CV-05340-ODW-RAO<br><br>Before: Hon. Otis D. Wright II<br>Courtroom 5D<br><br>Hearing date: August 18, 2025<br>Hearing time: 1:30PM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REMOVAL** |

## <u>REQUEST FOR JUDICIAL NOTICE</u><br><u>IN SUPPORT OF</u><br><u>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REMOVAL</u>

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Evidence 201(b), Plaintiff respectfully requests that the Court take judicial notice of the following facts, each of which is either (1) not subject to reasonable

PAGE 1

dispute because it is generally known within this Court's jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

This request supports Plaintiff's Motion to Strike Defendant's Notice of Removal and is based on evidence contained within this document.

## REGARDING TIMING OF SUBMITTAL

Although FRE 201(d) & (e) allows judicial notice to be taken at any stage; Plaintiff offers an explanation in good-faith as to the submittal of these documents at this time and juncture. These documents were discovered *after* filing Plaintiff's motion. Plaintiff intended on bringing these issues for oral argument; however, the hearing was vacated and so Plaintiff had to quickly re-collect evidence and assemble it in a short time. Plaintiff files this request in good-faith and asserts that each of these materials and facts presented are readily within Defendant's knowledge and grasp and none can possibly be a surprise. As the motion is undecided before this Court:

Plaintiff specifically requests judicial notice of the following:

## I.    FACTS AND RECORDS SUPPORTING LACK OF DIVERSITY JURISDICTION

1. **EXHIBIT A -** Public records show Rokoko Electronics, Inc. **owns commercial property** at 44 Tehama St., San Francisco and had a 2017 CA **property tax** lien

(resolved). No sale appears of record. This directly contradicts "never a citizen" claims and establishes a California place of business/domicile.

2. **EXHIBIT B –** Board member **Stefano Corazza** (noticed DOE) **permanently resides and makes decisions from California**. This **defeats complete diversity** given his intended DOE (notified) status and decision-making role (identified in the pitch deck/Complaint).

3. **EXHIBIT C** – California SOS records through **2024** list **Jakob Balslev** (CEO/CFO/Secretary) at his luxury apartment at **4140 Cesar Chavez St., San Francisco**, showing residence and executive control concentrated in California (**Hertz** "nerve center"). <u>Previously filed, unrebutted.</u>

4. **EXHIBIT D -** Defendant's **Creative Director lives/works in San Francisco (as of 8/16/2025)**, further supporting that core product decisions—and thus control— occur in California.

5. **EXHIBIT E -** Naver Z (a noticed DOE defendant), a major equity holder (~$93M), is located in California, further defeating complete diversity. <u>Previously referenced, unrebutted</u>

6. **EXHIBIT F -** As of **8/16/2025**, Balslev **still lists** employment at **Rokoko San Francisco**. Not a generic LinkedIn artifact—other employees show differing

locales—**supporting California as the nerve center**. <u>Previously filed,
unrebutted.</u>

7. **EXHIBIT G -** Defendant asserted it left CA in 2020 and has only one CA
employee, omitting Corazza and Sam Lazarus; yet last was hiring in LA in 2022,
contradicting the "one employee" narrative.

8. **EXHIBIT H –** Google search of Defendant's website (including over 1,500
pages, PDFs, blogs) shows no mention of Delaware as a place of business, further
undermining any Delaware "principal place of business" claim.

9. **EXHIBIT I -** Defendant's LinkedIn lists Denmark and San Francisco—no
Delaware—for locations, undercutting any assertion of a Delaware nerve
center/domicile. <u>Previously filed, unrebutted</u>

10. **EXHIBIT J –** Defendant's live careers page identifies San Francisco as an
operational base with active/ongoing/intended hiring—evidence of continuing
California operations and further no mention of Delaware.

11. **EXHIBIT K -** As of 8/16/2025, Defendant states it has teams in San Francisco
and Los Angeles; no mention of Delaware or Copenhagen teams; only that
Copenhagen is considered "HQ". <u>Previously filed, unrebutted.</u>

12. **EXHIBIT L** – Email headers shows Overby sending from his Apple computer with an IP address which resolves ~300 km (~4 hrs) from Copenhagen to his home office internet account, contradicting his sworn "day-to-day" Copenhagen work claim.

13. **EXHBIT M -** Overby's emails resolve to a TDC home business account in Midtjylland, within the city of Tranbjerg (tip of a peninsula, across two islands) ~300 km away—[~8-hour daily commute]—undercutting "day-to-day" Copenhagen operations (see N, Q).

14. **EXHIBIT N** - Google Maps confirms ~4 hrs / 300 km (or ~3 hrs by car transport ferry) from Overby's IP location to Copenhagen office, further contradicting his "day-to-day" claim (see M, Q).

15. **EXHIBIT O -** Social media as of 8/16/2025 shows Balslev's residence as San Francisco, aligning with other records and supporting California as the nerve center (Hertz). Previously filed, unrebutted.

16. **EXHIBIT P** – Plaintiff placed DOEs on litigation hold as far back as 5/14/2025, signaling forthcoming naming/amendment; many non-diverse, further impacting complete diversity.

17. **EXHIBIT Q –** Defendant Overby's emails are sent from his home Apple device on TDC home business internet ~300 km from Copenhagen—inconsistent with claims of daily Copenhagen-based control (see L, N).

18. **EXHIBIT R -** Defendant's own source code shows the servers for the services and software they provide are California/U.S. based servers (No Delaware or Denmark). The server "rmp-auth.rokoko.cc" resolves to 3.167.212.66 and; the server "rmp-auth.rokoko.rocks" resolves to 3.167.192.99;  both are located in Los Angeles at (Lat 34.05257, Lng -118.24321). The servers "rmp-auth.rokoko.com" and "rmp-auth.rokoko.ninja" both resolve to 52.222.244.57 which is also located in Los Angeles at (Lat 34.05257, -118.24391) at a different datacenter downtown from the previous two. <u>Defendant's servers are actually located at the same exact datacenter that Plaintiff's servers are located</u> (now owned by Hivelocity, prior Rack City/ ONE WILSHIRE). <u>Defendant was notified of the existence of this evidence and did not rebut.</u>

19. **EXHIBIT S -** USCIS records confirm Rokoko Electronics Inc. approved as an L-1A petitioning employer in 2016. L-1A applies only when a U.S. company places an executive/manager in the U.S. to direct, control, and coordinate operations at an existing or newly established U.S. office—i.e., nerve-center functions.

## IV. <u>COURT'S PRIOR STATEMENT ON DIVERSITY JURISDICTION</u>

Plaintiff further requests judicial notice of this Court's own prior language re: diversity

citizenship (Docket #11)

["**This is extremely important.**  Unlike state courts, federal courts are not courts
of general jurisdiction, and can only preside over matters authorized by the Constitution
and

Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106
S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986).  In other words, the party filing the action
must **prove** to the Court that jurisdiction over the action exists **before** the Court can reach
the merits of the complaint.  *See Smith v. McCullough*, 270 U.S. 456, 459, 46 S. Ct. 338,
339, 70 L. Ed. 682 (1926) (A "plaintiff, suing in federal court, must show in his pleading,
affirmatively and distinctly, the existence of whatever is essential to federal
jurisdiction . . . .").

Federal jurisdiction may be alleged either pursuant to 28 U.S.C. section 1331
for actions "arising under the Constitution, laws, or treaties of the United States," otherwise
known as "federal question" jurisdiction, or 28 U.S.C. section 1332 as an action "between
citizens of different States," otherwise known as "diversity" jurisdiction.

To allege federal question jurisdiction, the complaint should identify which right(s)
the plaintiff(s) claim(s) have been violated, and which law, statute, or constitutional
amendment provides that right.  *See Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir.
1983).

Diversity jurisdiction has **two** requirements.  First, diversity jurisdiction requires
complete diversity of citizenship, that is, all plaintiffs must have a different citizenship
from all defendants.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373,
98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  Residence and citizenship are distinct
concepts, with significantly different jurisdictional ramifications:  "[i]n order to be a
citizen of a State within the meaning of the diversity statute, a natural person must both be
a citizen of the United States and be domiciled within the State."  *Newman-Green, Inc. v.
Alfonzo-Larrain*, 490 U.S. 826,

828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989).  "A person's
domicile is her permanent home, where she resides with the intention to remain or to
which she intends to return.  A person residing in a given state is not necessarily domiciled
there, and thus is not necessarily a citizen of that state."  *Kanter v. Warner-Lambert Co.*,
265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).  Corporations are citizens of both
their state of incorporation and the state in which they have their principal place of
business. 28 U.S.C. § 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d
1298, 1300-01 (9th Cir. 1989).  Unincorporated associations are citizens of the states of
each member.  *See Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190
(9th Cir. 1970).  Second, when jurisdiction is based on diversity of citizenship, district
courts do not have original jurisdiction unless a party alleges an amount in controversy
exceeding $75,000.  28 U.S.C. § 1332(a).

Finally, you should understand that it is **insufficient** for a party to merely claim
that jurisdiction exists.  Sufficient **facts** must be alleged to allow the Court to assess
whether it has jurisdiction over the action."]

PAGE 7

**CONCLUSION**

The above matters are subject to judicial notice under FRE 201(b). They are either:

- Public records, corporate disclosures, or filings.

- Social media statements made by the Defendant and controlling officers.

- Metadata and forensic evidence directly tied to the filings in this action.

- Judicially noticeable facts regarding geography, contact information, business operations, and domicile.

Plaintiff requests judicial notice solely of the existence and contents of these records, not of any inferences that may be drawn therefrom and requests that the Court grant this judicial notice.

**AUTHENTICATION CERTIFICATION OF ALL EVIDENCE**

I, Matthew R. Walsh, declare under penalty of perjury under the laws of the State of California that every document inclusive Exhibit A – Exhibit R is a true and correct copy of a document I personally received, created, or obtained in connection with this case, and it has not been materially altered.

Executed this 17 day of August, 2025 in Santa Clarita, California.

Matthew R. Walsh

Plaintiff in pro per

**EXHIBIT A**

Public records show Rokoko Electronics, Inc. owns commercial property at 44 Tehama St., San Francisco and had a 2017 CA property tax lien (resolved). No sale appears after of record. This directly contradicts "never a citizen" claims and establishes a California place of business/domicile.

*Recording Requested By:*
*City and County of San Francisco*
*Treasurer & Tax Collector, BDR*

*When Recorded Mail To:*

ROKOKO ELECTRONICS

44 TEHAMA ST
SAN FRANCISCO CA    94105

20179K55638400001
**San Francisco Assessor-Recorder**
**Carmen Chu, Assessor-Recorder**
**DOC 2017-K556384-00**
**Acct  19-San Francisco Tax Collector**
**Thursday, DEC 21, 2017 16:06:00**
**Ttl Pd    $0.00      Nbr-0005732939**
**okc/RE/1-1**

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

CITY AND COUNTY OF SAN FRANCISCO
OFFICE OF TREASURER/TAX COLLECTOR

**CERTIFICATE OF LIEN FOR UNSECURED PROPERTY TAXES**
(Filed pursuant to California Revenue and Taxation Code Section 2191.3, 2191.4)
**THIS IS TO NOTIFY YOU THAT A TAX LIEN HAS BEEN FILED WITH RESPECT TO UNSECURED PROPERTY**

I, David P. Augustine, Tax Collector of the City and County of San Francisco, State of California, do hereby certify that there is on record in my office unpaid delinquent Unsecured Property taxes, which are duly assessed, computed and levied for the fiscal years shown, in compliance with the provisions of Division 1, Part 5, of the California Revenue and Taxation Code, in the amounts stated herein, together with delinquent penalties and fees levied pursuant to Section 2922 of the California Revenue and Taxation Code.

The person or persons named herein are liable to the City and County of San Francisco for the total unpaid amount as set forth herein:

| LOCATION OF PROPERTY | 0044 TEHAMA    ST | ASSESSMENT NO | FISCAL YEAR |
|---|---|---|---|
| | | 17-401816 | 2017-2018 |

| OWNER NAME | ROKOKO ELECTRONICS | LIEN AMOUNTS | $800.86 |
|---|---|---|---|

Said address being the last known address of the assessee from and after the time of filing of this certificate, the total amount of unpaid tax and penalty required to be paid by each of the persons named constitutes a lien upon all personal and real property now owned by each of said person or persons, respectively, or that may subsequently be acquired by them, or any of them, before the date on which this lien expires.

The lien amount shown includes penalties, interest, collection costs and lien release fee. Additional interest will continue to accrue at the rate of one and one half (11/2) percent per month as prescribed by law. This lien has the force, effect and priority of a judgment for ten (10) years from the time of the recording of this instrument, unless sooner released or otherwise discharged.

David Augustine, Tax Collector
CITY AND COUNTY OF SAN FRANCISCO

**Dated:**   Dec 20, 2017

PAGE 10

**EXHIBIT B**

Defendant's board member Stefano Corazza (noticed DOE) permanently resides and makes decisions from California. This defeats complete diversity given his intended DOE (notified) status and decision-making role (identified in the pitch deck/Complaint).

RECORDING REQUESTED BY:
Orange Coast Title Company of Northern California

**City and County of San Francisco**
**Joaquin Torres, Assessor-Recorder**

Doc # **2023046876**

| | | Fees | $20.00 |
|---|---|---|---|
| 6/30/2023 | 2:41:09 PM | Taxes | $0.00 |
| KC | Electronic | Other | $0.00 |
| Pages 3 | Title 001 | SB2 Fees | $0.00 |
| Customer | 2233 | Paid | $20.00 |

When Recorded Mail Document To:
Ana Maya Koenig
290 Richland Ave. #292
San Francisco, CA 94110

Escrow No.: 525-SAC-23201462-71 - ST
Title No.: 525-2371038-62

APN: 34-5745-058-01                                        SPACE ABOVE THIS LINE FOR RECORDER'S USE

**INTERSPOUSAL TRANSFER DEED**
(Excluded from reappraisal under California Constitution Article 13 A Section 1 et seq.)

The undersigned Grantor(s) declare(s) that the DOCUMENTARY TRANSFER TAX is:  EXEMPT  $0.00

☑ This transfer is exempt from the documentary transfer tax.
   **"This conveyance establishes sole and separate property of a spouse. R&T 11911"**
☐ The documentary transfer tax is computed on:
   ☐ the full value of the interest or property conveyed.
   ☐ the full value less the liens or encumbrances remaining thereon at the time of sale.
☑ The property is located in the City of San Francisco

This is an Interspousal Transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code and Grantor(s) has (have) checked the applicable exclusion from reappraisal:

   ☒ One spouse to other

-A creation, transfer, or termination, solely between spouses, of any co-owner's interest.

FOR A VALUE CONSIDERATION, receipt of which is hereby acknowledged,

**Stefano Corazza, spouse of the grantee herein**

hereby GRANT(s) to

**Ana Maya Koenig, a married woman as her sole and separate property**

**the following described real property:**

See Exhibit A attached hereto and made a part hereof.

Commonly known as:  290 Richland Ave. #292, San Francisco, CA 94110

The grantor is executing this instrument for the purpose of relinquishing all of grantor's rights, title and interest, including, but not limited to, any community property interest in and to the land described herein and placing title in the name of the grantee as his/her separate property.

Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

MAIL TAX STATEMENTS AS DIRECTED ABOVE

INTERSPOUSAL TRANSFER DEED

PAGE 11

1

**EXHIBIT C**

2

3

California SOS records through 2024 list Jakob Balslev (CEO/CFO/Secretary) at his luxury apartment at 4140 Cesar Chavez St., San Francisco, showing residence and executive control concentrated in California (Hertz "nerve center"). Previously filed, unrebutted.



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT D

Defendant's Creative Director lives/works in San Francisco (as of 8/16/2025), further supporting that core product decisions—and thus control—occur in California.



**EXHIBIT E**

Naver Z (a noticed DOE defendant), a major equity holder (~$93M), is located in California, further defeating complete diversity (previously referenced, unrebutted).



**EXHIBIT F**

As of 8/16/2025, Balslev still lists employment at Rokoko San Francisco. Not a generic LinkedIn artifact—other employees show differing locales—supporting California as the nerve center. Previously filed, unrebutted.



**EXHIBIT G**

Defendant asserted it left CA in 2020 and has only one CA employee, omitting Stef Corazza and Sam Lazarus; yet last was hiring in LA in 2022, contradicting the "one employee" narrative.



## EXHIBIT H

Google search of Defendant's site (including all 1500+ pages, PDFs, blogs) shows **no mention of Delaware** whatsoever, much less as a place of business, further undermining any Delaware "principal place of business" claim.



Google indexes over 1500 pages from Defendant's site:



**EXHIBIT I**

Defendant's LinkedIn lists Denmark and San Francisco—no Delaware—for locations, undercutting any assertion of a Delaware nerve center/domicile.



**EXHIBIT J**

Defendant's live careers page identifies San Francisco as an operational base with active/ongoing/intended hiring—evidence of continuing California operations and further no mention of Delaware.



**EXHIBIT K**

As of 8/16/2025, Defendant states it has teams in San Francisco and Los Angeles; no mention of Delaware or Copenhagen teams; only that Copenhagen is considered "HQ". Previously filed, unrebutted.



## EXHIBIT L

Consistent e-mail headers shows Overby sending from his Apple computer with his IP address which resolves ~300 km (~4 hrs) from Copenhagen to his home office internet account, contradicting his sworn "day-to-day" Copenhagen work claim.

```
Received: from mail-lf1-f47.google.com ([209.85.167.47]:48584)
        by gator3161.hostgator.com with esmtps  (TLS1.2) tls
TLS_ECDHE_RSA_WITH_AES_128_GCM_SHA256
        (Exim 4.98.1)
        (envelope-from <mikkel@rokoko.com>)
        id 1uBwvc-00000003e1Z-3Rh7
        for matthew@winteryear.com;
        Mon, 05 May 2025 09:36:22 -0500
Received: by mail-lf1-f47.google.com with SMTP id 2adb3069b0e04-54d65cb6e8aso5786573e87.1
        for <matthew@winteryear.com>; Mon, 05 May 2025 07:36:15 -0700 (PDT)
Received: from smtpclient.apple ([87.48.131.206])
        by smtp.gmail.com with ESMTPSA id 2adb3069b0e04-
54ea94ee377sm1703494e87.155.2025.05.05.07.36.03
        (version=TLS1_2 cipher=ECDHE-ECDSA-AES128-GCM-SHA256 bits=128/128);
        Mon, 05 May 2025 07:36:04 -0700 (PDT)
Received: from gator3161.hostgator.com
        by gator3161.hostgator.com with LMTP
        id sBZGEebMGGgTdgkANiI7Wg
        (envelope-from <mikkel@rokoko.com>)
        for <matthew@winteryear.com>; Mon, 05 May 2025 09:36:22 -0500
From: "Mikkel Lucas Overby" <mikkel@rokoko.com>
To: <matthew@winteryear.com>
References: <144601dbbd7b$bd3696a0$37a3c3e0$@winteryear.com>
In-Reply-To: <144601dbbd7b$bd3696a0$37a3c3e0$@winteryear.com>
Subject: Re: Case dismissed, new case filed.
Date: Mon, 5 May 2025 07:35:52 -0700
Message-ID: <CCFBA9DB-AED1-4743-A7A6-0B3D9E94D715@rokoko.com>
MIME-Version: 1.0
Content-Type: multipart/mixed;
        boundary="----=_NextPart_000_0D7E_01DBBEE1.AF0AC800"
X-Mailer: Apple Mail (2.3826.200.121)
Thread-Index: AQGUOKOLTEsYqtKTrWT+Fc+NUKK5DAHtA2T5
X-Google-DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
        d=1e100.net; s=20230601; t=1746455768; x=1747060568;
        h=references:to:in-reply-to:subject:date:mime-version:message-id:from
         :x-gm-message-state:from:to:cc:subject:date:message-id:reply-to;
        bh=r/lgEntD5pJT3l+aS1MkXsdFZQ0a4PiZI1Lz5uUOcY0=;
        b=A2tvG8G0ZPCE94muXvqQpsfDwvVZakjy9fV12kgKWZ5Y3wKsERS+nCkaqX8ARPORNV
         718wNkbHZYxqmev12ZECxl/7Ey3y5MUpDcLZlR9Mz+2uLgbliu4ti8twlgun1KF6Ledo
         VyaA9DyATNopf6XzBTjPgfLCWpWdVxde9FzmyD+LKNIquHmrbhcP2sthUVgt8ZWYEYPv
         WD0lnV+m8Maam+6j/g5Vz1IqD0+eNod3vwfOajPiZvBrDAFu8uN22oYBc58GTSbChZpI
         8E+AHImc8kGAbQNSXeYEsT6S2dJAYDw2J7aP9R5w6o8vI9Q/DRo8hx0SIgR+tM7TI/ll
         aN2A==
X-Gm-Message-State: AOJu0YwElQeYy69Y2YPcJdiGYukSUVN14EBeB5rTkftUpnBW8fQH7Qcd
        Un9m2247WLGIq5d2tw1rEZBFnHcZAXnb0YXJLGYcXRiNU5dQAaQ6Jrti5hHbOAqqxPwnwM9jWjK
        DwPdlUg==
X-Google-Smtp-Source:
AGHT+IHVk0A2S7+kDzPQXXO+Qt7nQCUSY/z/jkMNyJKuQ2G6blYxm6p8bB3KYKZ8j5RQ5fhnyz249Q==
X-Received: by 2002:a05:6512:318a:b0:54b:117b:dc9d with SMTP id 2adb3069b0e04-
54eb2479520mr1968579e87.55.1746455765256;
        Mon, 05 May 2025 07:36:05 -0700 (PDT)
X-Gm-Gg: ASbGnctS8FFinkvye0l1X7zAVtM8YCoL5TzSjjs1gz8FRERNA0G9VjJTr1LFx9qC/2A
        2e41mAk1qikCdh5UNDxYRJZZDw8w/K2gopIVbat88LQWSEk7+5M+9VMympZWktGbyH3WXQ4FXur
        ZYuM3FHJHjxKyO/mC9Sv//AGyK0Hiup/L1Fff5xyYTeA9IDLy5fUg/RZPFQE+Rigrcpzjgjuu8z
        sd1enzo7ZcvhkU13HH6l31GwYplS/0bNb/4FiBV3XBxU2gZ7DxT3bpBpQ4Skyoe64Gj7n4Ek2j6
        zGxTkPdwoW/rL1XRMFjlNhfPVzOocaF0oZBxS+zF+lpHZtySplrv8Q==
```

**EXHIBIT M**

Overby's emails resolve to a TDC home business account in Midtjylland, within the city of Tranbjerg (tip of a peninsula, across two islands) ~300 km away—[~8-hour daily commute]—undercutting "day-to-day" Copenhagen operations (see N, Q).



**EXHIBIT N**

Google Maps confirms ~4 hrs / 300 km (or ~3 hrs by car transport ferry) from Overby's IP location to Copenhagen office, further contradicting his "day-to-day" claim (see M, Q).



**EXHIBIT O**

Social media as of 8/16/2025 shows Balslev's residence as San Francisco, aligning with other records and supporting California as the nerve center (Hertz). Previously filed, unrebutted.



**EXHIBIT P**

Plaintiff placed DOEs on litigation hold as far back as 5/14/2025, signaling forthcoming naming/amendment; many non-diverse, further impacting complete diversity.

| | | | |
|---|---|---|---|
| ! | 'lyngby@ltk.dk' | LITIGATION HOLD NOTICE: Walsh v Rokoko (also Coco/Rokoko Car... | Wed 5/21/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'gentofte@gentofte.dk' | LITIGATION HOLD NOTICE: Walsh v Rokoko (also Coco/Rokoko Car... | Wed 5/21/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'lyngby@ltk.dk' | FW: LITIGATION HOLD NOTICE: Walsh v Rokoko (also Coco/Rokok... | Wed 5/21/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'info@borger.dk'; 'post@borger.dk' | LITIGATION HOLD NOTICE: Walsh v Rokoko (also Coco/Rokoko Car... | Wed 5/21/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'post@haderslev.dk' | LITIGATION HOLD NOTICE: Walsh v Rokoko (also Coco/Rokoko Car... | Wed 5/21/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| | 'mikkel@cococare.io' | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/21/2... 9 KB |
| | Matthew R. Walsh  Plaintiff in pro per  (661) 644-0012 <end> | | |
| | 'Roblox Support' | RE: Roblox Support Ticket 120441610 | Thu 5/15/2... 33 KB |
| | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV13828) - Los Angeles Superior Court  This is for Steven Corazza, | | |
| | ZEPETO | Re: [ZEPETO] 답장: LITIGATION HOLD NOTICE: Walsh v Rokoko (Cas... | Wed 5/14/2... 13 KB |
| | As your company is a Rokoko investor, it shares in the risk in addition to the reward.  There is active litigation possibly | | |
| ! | 'brettbibby@mac.com'; 'brettb@unity3d... | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/14/2... 19 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'thomas@vistiunlimited.com'; 'legal@vis... | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/14/2... 18 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'info@nev.nu' | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/14/2... 16 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'Ashley_Mccormack@vfc.com' | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/14/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'legal@naverz-corp.com'; 'info@naverz-... | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/14/2... 17 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |
| ! | 'legal@trifork.com'; 'info@trifork.com'; ... | LITIGATION HOLD NOTICE: Walsh v Rokoko (Case No. 25STCV1382... | Wed 5/14/2... 22 KB |
| | I'm reaching out as the plaintiff in an active legal case (Walsh v. Rokoko filed in California Superior Court) alleging (but not | | |

**EXHIBIT Q**

Defendant Overby's emails are sent from his home Apple device on TDC home business internet ~300 km from Copenhagen—inconsistent with claims of daily Copenhagen-based control (see L, N).



## EXHIBIT R

Defendant's own source code shows **they have no European operations**. All of their public servers point to United States based servers. The server "rmp-auth.rokoko.cc" resolves to 3.167.212.66; the server "rmp-auth.rokoko.rocks" resolves to 3.167.192.99;  both are located in Los Angeles at (Lat 34.05257, Lng -118.24321). The server's "rmp-auth.rokoko.com" and "rmp-auth.rokoko.ninja" both resolve to 52.222.244.57 which is also located in Los Angeles at (Lat 34.05257, -118.24391) at a different datacenter downtown from the previous two.

**EXHIBIT S**

USCIS records confirm Rokoko Electronics Inc. approved as an L-1A petitioning employer in 2016. L-1A applies only when a U.S. company places an executive/manager in the U.S. to direct, control, and coordinate operations at an existing or newly established U.S. office—i.e., nerve-center functions.

