1. MATTHEW R. WALSH
2. 19197 GOLDEN VALLEY RD #333
3. SANTA CLARITA, CA 91387
4. (661) 644-0012

5. Plaintiff In Pro Per,

6. **UNITED STATES DISTRICT COURT**

7. **CENTRAL DISTRICT OF CALIFORNIA**

| MATTHEW R. WALSH<br><br>　　　Plaintiff In Pro Per,<br><br>vs.<br><br>ROKOKO ELECTRONICS (AND DOES 1 THROUGH 50, INCLUSIVE)<br><br><br>　　　Defendant | Case No.: 2:25-CV-05340-ODW-RAO<br><br>*[Assigned to Hon. Otis D. Wright, II, Courtroom 5D; Hon. Rozella A. Oliver, Courtroom 590]*<br><br>Hearing date: December 22, 2025<br>Hearing time: 1:30PM<br><br>**REPLY TO DEFENDANT'S OPPOSITION FOR MOTION TO EXTEND PAGE LIMITATIONS FOR MOTION FOR SUMMARY JUDGMENT.**<br><br>Filed concurrently with:<br>- Declaration of Matthew R. Walsh re: proof of meet and confer |
|---|---|

10. **DEFENDANTS VIOLATE LOCAL RULES – AGAIN – STRIKING THE**

11. **OPPOSITION IS JUSTIFIED.**

12.  1. As warned by the Court in (Dkt #71) and (Dkt #39) – *"filings that fail to*

13. *comply with applicable rules or that are otherwise inappropriate will be*

*summarily stricken, and the Court will not hesitate to impose monetary sanctions in cases where the violations are particularly egregious or repeated.".* Once again, Defendant has repeated their violations… Even after Plaintiff pointed them out once more in (Dkt #97):

a. *"L.R. 11-3.8 Title Page … The name, California bar number … must be placed immediately beneath the name of the attorney. Immediately beneath, the party on whose behalf the document is presented must be identified… the information set forth in this paragraph must be supplied for each attorney"*

   i. **The Bar numbers do not appear for Michael Galibois nor Emily Graue.** Plaintiff previously requested Emily Graue's on June 17, 2025. Defense never replied with this information. The Court will find that none of Defendant's filings comply with this rule.

b. **11-3.2 Paper** *"All documents shall be … numbered on the left margin with not more than lines per page. The lines on each page shall be double-spaced and numbered consecutively"*

   i. As Plaintiff points out in every single filing – Defense refuses to follow even the simplest Local Rules that take only a moment to comply with.

## DOCKET #86 TELLS THE WHOLE STORY

1. The Court simply needs to review Docket #86.

2. Defendants never opposed or countered this filing and therefore have consented to it's contents.

## FALSE STATEMENT #1: MEETING AND CONFERRING

3. The conference happened. Defense admits they were aware that a meet and confer was scheduled and forthcoming. (Exhibit 2)

4. Defense made explicit statements that the MSJ would be a topic of conversation (Exhibit 2)

5. Plaintiff knew Defendant would once again claim no meet and confer happened -- which is why he specifically filed (Dkt #86) immediately after which contains a same-day outline of the meet and confer process, what was discussed, when, how and even includes the e-mails post-meeting. The conference happened. Defense may wish it didn't – but it did.

6. Plaintiff sent a follow-up e-mail prior to filing (Dkt #86) which can be seen in (Exhibit 3).

7. In fact, not only did the meeting happen – but, it did not happen in a vacuum. Plaintiff intentionally left his camera on, while Mrs. Ellena and Mr.

Galibois left theirs off. The goal of this was intentional, so that opposing Counsel could see there were other witnesses in the room. Should Defendant wish to continue making false statements before the Court about this conference, Plaintiff thinks it would behoove the Court to call their bluff.

8. However, calling witnesses is unnecessary as Defendant themselves, right after the meeting admits to the meeting have occurred as she states *"This is what I was referring to on the call"* (Exhibit 4)

9. **PLAINTIFF OFFERS A PARADOX : IF THE MEET AND CONFER NEVER HAPPENED** – then Defendant did not even appear for a 26(f) conference; which was held 3-days after the deadline and after Plaintiff notified the Court they failed to appear. If that is Defendant's testimony, the Court should consider that Defendant has failed even more court-ordered deadlines than originally thought.

## FALSE STATEMENT #2: STIPULATION

10. Defendants are conflating events across the timespan of a month:
    a. October 30, 2025 – Meet and Confer occurred discussing the MSJ.
    b. November 24, 2025 – Request for stipulation for additional pages.
11. Almost a month apart, yet, Defendant is acting like these events were close.

12. Yes, Plaintiff asked for a stipulation. Yes, Defendant declined; instead stating the parties should focus on settlement instead; as just another delay tactic.

13. It should be lost on no one that Plaintiff issued a settlement letter to Defendant on October 30, 2025 which would have disposed of four causes of action. Defendant told the Court several times that they were considering it… then the deadline to respond came close… Defendant ignored Plaintiff's check-ins and then vanished entirely, letting the settlement window pass.

14. Plaintiff wants justice. Defendant wants out.

15. **<u>FALSE STATEMENT #3: PLAINTIFF SHOWS NO GOOD CAUSE</u>**

16. The bottom line is… Defendant did what they are accused of. Period.

17. The things they have done, planned to do, and will do are so egregious that it takes 14 causes of action to bring them to justice and another to pierce the veil of their networks of shell companies and another to show that there is a viable, definitive RICO organization that must be stopped.

18. Plaintiff didn't magically decide to need 61 pages; it takes that many pages to satisfy every prong required by 9th circuit law and CACI standards (for the state issues).

## CONCLUSION

The false failure to meet and confer statement is a continual pattern with Defendants. This latest opposition is just another delay attempt. If the Defendant's believe for a moment that having this motion denied will stop the Motion for Summary Judgment from continuing, they are sorely mistaken. Plaintiff is prepared to seek break his motion apart, seek summary adjudication on some parts, summary judgment on the others and let the weakest claims go to trial. Obviously this costs the Court and the Defendant's time and money and is not in the best interests of taxpayers or the Court.

Plaintiff is ready to end this matter by summary judgment and believes he will prevail.

## PRAYER FOR RELIEF

In addition to the relief sought by the motion, Plaintiff asks that the Court:

1. ORDER both parties to stipulate, in writing to the topics of a conference *before* it happens and require that the stipulation be provided along with the certification. This ensures that no party can claim a meet and confer did not

happen.

2. GRANT Plaintiff's motion in full.

3. ALLOW Defendant's the same courtesy of an increase in page limits for their inevitable opposition to his motion for summary judgment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed this 1st day of December, 2025, in Santa Clarita, California.

_____
Matthew R. Walsh
Plaintiff In Pro Per

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff appearing in pro per, certifies that this brief contains 990 words, which complies with the word limit of L.R. 11-6.2.