UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-05340-ODW (RAOx) | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Matthew R. Walsh v. Rokoko Electronics et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings:**   **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT [89]**

Presently before the Court is Plaintiff Matthew R. Walsh's Motion for Entry of Default. (Mot. Default ("Motion" or "Mot."), Dkt. No. 89.)  Even though Defendant Rokoko Electronics has filed a responsive pleading in this matter, (Mot. Dismiss, Dkt. No. 23), Walsh argues that Rokoko's failure to timely oppose his motion for reconsideration of Judge Oliver's discovery ruling warrants default, (Mot. 11–13).  Walsh also argues that Rokoko's counsels' apparent tardiness or failure to attend several conferences warrants default.  (*Id.* at 13–16.)

Default is only available when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  While courts may enter default for failure to "otherwise defend," this is a drastic action that amounts to a sanction. *See Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986) ("[A] trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance.")  It is so drastic that courts generally only enter default when counsel fails to appear for trial or has otherwise signaled his or her "intention to cease participating in" the litigation. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *see, e.g., Zhang v. A-Z Realty & Inv. Corp.*, No. 5:19-cv-00887-KK, 2022 WL 17361986, at *3–5 (C.D. Cal. Nov. 18, 2022) (entering default due to a party's failure to appear at trial).

This is not one of those cases.  As an initial matter, Rokoko has filed its responsive pleading, which the Court shall soon rule on.  Thus, default is not available as of right.  Fed. R. Civ. P. 55(a).  Moreover, the record indicates that Rokoko has diligently litigated this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-05340-ODW (RAOx) | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Matthew R. Walsh v. Rokoko Electronics et al* | | |

Rokoko has, with only the one exception that Walsh moves on, timely opposed all of Walsh's motions. It has also filed its own motions, which indicate that it is actively participating in discovery. In short, nothing demonstrates that Rokoko "inten[ds] to cease participating in" this litigation. *Mickalis*, 645 F.3d at 130.

Thus, the Court **DENIES** Walsh's Motion for Entry of Default. (Dkt. No. 89.)

Finally, the Court warns that mudslinging and abuse in papers filed with the Court will not be further tolerated. In particular, Walsh's argument that Rokoko's counsel "forgot half the English language" is not well-taken. (Mot. 24–25.) The Court admonishes counsel and parties that they are, at all times, to observe the Central District's Civility and Professionalism Guidelines.

**IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |