UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-05340-ODW (RAOx) | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Matthew R. Walsh v. Rokoko Electronics et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**          **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS [73]**

Presently before the Court is Plaintiff Matthew R. Walsh's Motion for Sanctions. (Mot. Default ("Motion" or "Mot."), Dkt. No. 73.) Although he indicates he brings the motion under Federal Rule of Civil Procedure ("Rule") 37, Walsh also cites Rule 11 and the Court's inherent authority throughout the Motion. Thus, the Court construes this Motion as brought, at least in part, under Rule 11.

The "central purpose of Rule 11 is to deter baseless filings." *Townsend v. Holman Consulting Co.*, 929 F.2d 1358, 1363 (9th Cir. 1990) (*en banc*) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Rule 11 contains what is known as a "safe harbor" provision. Fed. R. Civ. P. 11(c)(2). This provision requires the party moving for Rule 11 sanctions to first serve the motion for sanctions on the opposing party to afford the opposing party the opportunity to withdraw or correct the "challenged paper, claim, defense, contention or denial." *Id.* Only after 21 days may the movant file the motion for sanctions. *Id.* The Ninth Circuit "enforce[s] this safe harbor provision strictly." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).

Here, the Court cannot grant Walsh's Motion because he does not indicate whether he served Defendant Rokoko Electronics with the Motion at least 21 days before filing it with the Court. He did not attest to it in a declaration nor did he file a proof of service that would demonstrate compliance with Rule 11's safe harbor provision. Thus, the Court finds that Walsh has not strictly complied with Rule 11(c)(2), which requires denial of his Motion. *See Medina v. Garcia*, No. 2:23-cv-06393-DMG (KESx), 2023 WL 8883320, at *1 (C.D. Cal. Oct. 31,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05340-ODW (RAOx) | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Matthew R. Walsh v. Rokoko Electronics et al* | | |

2023) (denying motion for sanctions because the proof of service failed to indicate that the movant served its motion 21 days prior to filing a motion for sanctions).

Accordingly, the Court **DENIES** Walsh's Motion.  (Dkt. No. 73.)

**IT IS SO ORDERED**.

_____ : __00__

Initials of Preparer    SE