O

# United States District Court
# Central District of California

MATTHEW R. WALSH,

            Plaintiff,

   v.

ROKOKO ELECTRONICS et al.,

            Defendants.

Case № 2:25-cv-05340-ODW (RAOx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [42]; AND DENYING PLAINTIFF'S MOTION TO STRIKE [49]**

## I.    INTRODUCTION

Plaintiff Matthew R. Walsh initiated this action in state court against Defendant Rokoko Electronics, asserting various claims arising from Walsh's purchase of several Rokoko motion capture products. (Notice Removal ("NOR") Ex. 1 ("Compl."), Dkt. No. 1-1.) On June 12, 2025, Rokoko removed the case to this Court. (NOR, Dkt. No. 1.) Rokoko now moves to dismiss all fourteen of Walsh's claims. (Mot. Dismiss ("MTD"), Dkt. No. 42.) Walsh, in turn, moves to strike Rokoko's Notice of Removal for procedural defects and lack of subject matter jurisdiction. (Mot. Strike ("MTS"), Dkt. No. 49.) For the reasons discussed below, the Court **GRANTS** Rokoko's Motion to Dismiss and **DENIES** Walsh's Motion to Strike.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

All factual references derive from Walsh's Complaint or attached exhibits, and well-pleaded factual allegations are accepted as true only for purposes of Rokoko's Motion to Dismiss, and not Walsh's Motion to Strike.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (holding that a district court considering whether it has subject matter jurisdiction may "consider facts in the removal petition" and other "summary-judgment-type evidence").

Walsh is a California-based video game developer.  (Compl. 5.)[2]  In 2020, Walsh purchased products from Rokoko, a motion capture hardware company with offices in Denmark, Greece, and the United States.  (*Id.* at 2, 5, 19–20.)  Specifically, Walsh purchased a "Smartsuit 1" and "gloves."  (*Id.* at 19–22.)  Rokoko sold these products with a one-year warranty.  (*Id.* at 23.)

Upon delivery, the Smartsuit 1 was "faulty" and the "gloves began disintegrating after only a few uses."  (*Id.* at 20.)  In 2023, Rokoko also released a mandatory firmware update that destroyed Walsh's Smartsuit 1.  (*Id.*)  Although Walsh continued to reach out to Rokoko for assistance, Rokoko refused to repair the products despite knowing the exact issue affecting them.  (*Id.* at 21, 22.)  Rokoko eventually removed support for the Smartsuit 1, rendering Walsh's purchase useless and severely delaying progress on his video game production.  (*Id.* at 12, 22.)

On May 12, 2025, Walsh brought this action against Rokoko in state court.  (NOR 1.)  Walsh brings fourteen claims: (1) tortious interference with prospective economic advantage; (2) violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"); (3) false advertising; (4) deceptive business practices; (5) unfair competition; (6) violation of California's Consumer Legal Remedies Act ("CLRA"); (7) misappropriation of intellectual property; (8) intellectual property

---

[2] Walsh does not sequentially number the paragraphs in his Complaint.  As such, the Court cites to the Complaint by page number.

infringement; (9) violation of the federal Digital Millennium Copyright Act ("DMCA"); (10) unconscionable contract terms; (11) fraud in inducement to contract and purchase; (12) fraudulent misrepresentation to investors; (13) fraudulent concealment; and (14) illegal deployment of code and privacy violations under both federal and California law.[3]  (Compl. 11–77.)

On June 12, 2025, Rokoko removed the action to this Court.  (NOR.)  Rokoko now moves to dismiss Walsh's Complaint.  (Mot. Dismiss.)  Walsh also moves to strike the Notice of Removal, which effectively seeks remand of this action  (Mot. Strike.)

### III.    WALSH'S MOTION TO STRIKE

The Court considers Walsh's Motion to Strike first as it challenges this Court's subject matter jurisdiction.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction).").

Walsh moves to strike Rokoko's Notice of Removal on several grounds.  First, Walsh contends that the Notice of Removal is procedurally defective because Rokoko's counsel are not permitted to practice before this Court.  (MTS 5.)  Second, Walsh alleges that the Court lacks subject matter jurisdiction due to lack of diversity of citizenship.  (*Id*.)

### A.    Procedural Defect

First, the Court finds no defect in Rokoko's Notice of Removal.  Katherine J. Ellena, one of Rokoko's counsel, is a member of this Court's Bar.  She both signed and filed the Notice of Removal.  (NOR 6.)  Thus, she satisfied Federal Rule of Civil Procedure ("Rule") 11's requirement that every paper "be signed by at least one attorney of record in the attorney's name," and she took responsibility for the contents

---

[3] Walsh skipped over this cause of action when numbering his claims.  (Compl. 55–56.)  To avoid confusion with the eleventh through thirteenth causes of action, the Court numbers this cause of action as Walsh's fourteenth.

of the Notice of Removal.  *See* C.D. Cal. L.R. 5-4.3.4(c).  While Michael Galibois and Emily Graue, Rokoko's other counsel of record, were not yet eligible to practice before this Court at the time Rokoko removed, they did not sign the Notice of Removal.  Moreover, they clearly stated in the Notice of Removal that their pro hac vice applications were forthcoming, applications the Court later approved.  (Orders Pro Hac Vice, Dkt. Nos. 21, 22.)  This procedure is routine practice and takes place in courts throughout the country.  *See, e.g.*, *TNT Bestway Transp., Inc. v. Whitworth*, No. 05-96-01900-CV,  1999 WL  374158,  at *6  (Tex.  Ct.  App.  June 10,  1999) (collecting cases).   Walsh's arguments regarding Rokoko's counsel's inability to practice before this Court are unpersuasive and not a basis to strike the Notice of Removal.

**B.    Subject Matter Jurisdiction**

Although Walsh explicitly states that this "is not a motion to remand," his subject matter jurisdiction argument and requested remedy—remand to state court— can only be viewed as a motion to remand.  (MTS 3.)  Thus, the Court will construe the remainder of Walsh's Motion to Strike as a Motion to Remand on the basis that the Court lacks subject matter jurisdiction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (citation modified)).

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

As an initial matter, although Rokoko removed based on diversity jurisdiction, (NOR ¶ 6), the Court finds that it has federal question jurisdiction because Walsh brings a cause of action under the federal DMCA, (Compl. 47–49). And because the Court has original jurisdiction over Walsh's DMCA claim, the Court has "supplemental jurisdiction over all" of Walsh's state law claims because they "derive from a common nucleus of operative fact." 28 U.S.C. § 1367; *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

The Court also has diversity jurisdiction because Rokoko is a citizen of Delaware and Denmark, and not California. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." Courts use the "nerve center" test to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 95–97 (2010). Here, Rokoko submits evidence that it is incorporated in Delaware, (Decl. Mikkel Overby ISO NOR ("Overby Decl.") Ex. A ("Rokoko Articles of Incorp."), Dkt. No. 1-4.), and that its principal place of business is in Denmark, (*see, e.g.*, Decl. Mikkel Overby ISO Opp'n MTS ("Overby Decl. ISO Opp'n MTS") ¶ 3, Dkt. No. 62-1). None of Walsh's evidence disturbs these conclusions, but rather, appear to go toward personal jurisdiction, rather than subject matter jurisdiction.

The Court finds that it has subject matter jurisdiction in this matter. Therefore, the Court **DENIES** Walsh's Motion to Strike in its entirety.

### IV.        ROKOKO'S MOTION TO DISMISS

Rokoko moves to dismiss Walsh's fourteen causes of action under Rule 12(b)(6). (MTD.)

### A.    Legal Standard

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court

determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).    Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**B.    Discussion**

The Court notes at the outset that it will not consider any new fact that Walsh raises in his opposition brief.  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis omitted)).

*1.    Tortious Interference (Count 1)*

Walsh's first cause of action is tortious interference with prospective economic advantage.  (Compl. 11–18.)  Under California law, to assert a claim for intentional interference with prospective economic advantage, a plaintiff must allege: (1) "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff"; (2) "the defendant's knowledge of the relationship";  (3) the  defendant's  intentional  acts  "designed  to  disrupt  the relationship"; (4) "actual disruption of the relationship"; and (5) "economic harm to the plaintiff proximately caused" by the defendant's acts.  *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1108 (9th Cir. 2007) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)).

Here, Walsh's tortious interference claim fails because he does not plausibly plead that Rokoko was aware of any relationship between Walsh and a third party. Walsh alleges that Rokoko "was aware of [Walsh's] video game . . . [Walsh's] professional productions . . . and that [Walsh] has valid contracts." (Compl. 13.)  This conclusory allegation is simply not "sufficient factual matter" to plausibly allege that Rokoko had actual knowledge of any contract between Walsh and some third party.

*Iqbal*, 556 U.S. at 678.    Moreover, the Court cannot determine, based on this allegation alone, with what economic relationship Rokoko allegedly interfered.    Thus, the Court **DISMISSES** Walsh's first cause of action **WITH LEAVE TO AMEND**, as this pleading deficiency goes to factual insufficiency rather than legal impossibility. *Schreiber*, 806 F.2d at 1401.

### 2.    *Violation of Song-Beverly Act (Count 2)*

Walsh's second cause of action is for violation of the Song-Beverly Act. (Compl. 19–24.)  Under the Song-Beverly Act, "every retail sale of 'consumer goods' in California includes an implied warranty by the manufacturer and the retail seller that the goods are 'merchantable.'"  *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009) (citing Cal. Civ. Code §§ 1791.3, 1792).  "Consumer goods" are "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes." *Id.* § 1791(a).

Here, Walsh's claim fails as a matter of law because he purchased Rokoko's products not for "personal, family, or household purposes," *id.*, but rather with the intention of developing video games for commercial gain.  Walsh's Complaint is rife with allegations that Rokoko's actions damaged Walsh's economic prospects with third parties.  (*See, e.g.*, Compl. 8, 10.)  Walsh even alleges that Defendant's "willful violations of the Song-Beverly Act" have caused him "unrecoverable damages," including the inability to exploit the video game for economic gain.  (*Id.* at 15.)

The Court finds that Walsh fails to state a claim under the Song-Beverly Act because he did not purchase "consumer goods."  Thus, the Court **DISMISSES** Walsh's second cause of action **WITHOUT LEAVE TO AMEND** as no amendment could cure these deficiencies.  *Schreiber*, 806 F.2d at 1401.

### 3.    *False Advertising (Count 3)*

Walsh's third cause of action is violation of California's False Advertising Law ("FAL").  (Compl. 24–26.)  The FAL prohibits making any "statement," in connection with the sale of personal property, "which is untrue or misleading, and which is

known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Courts have held that because the FAL is grounded in fraud, a plaintiff must allege facts with sufficient particularity to satisfy Rule 9(b)'s heightened pleading standard. *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1122–23 (C.D. Cal. 2010). Under Rule 9(b), a complaint must plead "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Walsh fails to allege sufficient facts. The gravamen of Walsh's false advertising allegation is that Rokoko offers express warranties but revokes these warranties through "unattached and unconscionable contract terms." (Compl. 25.) However, other than Walsh's allegation that Rokoko "sells high-dollar products with an express warranty," (Compl. 25), he alleges no facts to support his assertions. Walsh does not provide "who, what, when, where, and how" of Walsh's misconduct. *Vess*, 317 F.3d at 1106.

Thus, the Court **DISMISSES** Walsh's third cause of action **WITH LEAVE TO AMEND** as the deficiency goes to factual sufficiency rather than legal impossibility.

*4.    Deceptive Business Practices, UCL, and CLRA (Counts 4–6)*

The Court examines the fourth, fifth and sixth causes of action together because they are related.

Walsh's fourth cause of action is for "deceptive business practices." (Compl. 26–31.) He cites California Civil Code section 1580, (*id.* at 27), which provides for mutuality of consent in contract formation and is a tool for courts to interpret contracts. It does not confer any cause of action. However, the CLRA, under which Walsh brings his sixth cause of action, does bar "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a). Thus, in the interest of liberally construing Walsh's Complaint, the Court considers the fourth and sixth causes of action as both brought under the CLRA. *See Erickson*,

551 U.S. at 94 (requiring courts to liberally construe pro se filings).  The Court also considers the fifth cause of action, brought under the UCL, because Walsh predicates this claim on a CLRA violation.  (Compl. 32.)

A CLRA claim may only be brought by a "consumer."  *See* Cal. Civ. Code § 1780 ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice [prohibited by the CLRA] may bring an action against that person.").  Similar to the Song-Beverly Act, the CLRA defines a consumer as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."  *Id.* § 1761(d).

For the same reasons the Court dismissed Walsh's Song-Beverly Act claim, the Court also finds that Walsh is not a consumer under the CLRA.  He bought Rokoko's products with the intention of commercializing his own products.  (*See* Compl. 12 (alleging that Rokoko "knew at all times that [Walsh] was producing a video game").)  Even when construing the facts in the light most favorable to Walsh, *Lee*, 250 F.3d at 679, Walsh's attempt to rationalize his purchase as "learning game development" is unreasonable and unconvincing, (Opp'n MTD 21–22, Dkt. No. 57).  Thus, Walsh cannot bring a CLRA claim, and the Court **DISMISSES** Walsh's fourth and sixth causes of action **WITHOUT LEAVE TO AMEND**.  Moreover, as Walsh explicitly predicates his UCL claim on a CLRA and a Song-Beverly violation, (Compl. 32), the Court also **DISMISSES** Walsh's fifth cause of action for violation of the UCL **WITHOUT LEAVE TO AMEND**.

    5.    *Misappropriation/Infringement of Intellectual Property (Counts 7–8)*

The Court examines the seventh and eighth causes of action together because they both involve intellectual property claims.  In his seventh cause of action, Walsh alleges that Rokoko misappropriated intellectual property.  (Compl. 33–43.)  In his eighth cause of action, Walsh alleges Rokoko infringed intellectual property.  (*Id.* at 43–47.)  The Court cannot discern what the "intellectual property" is that Walsh alleges Rokoko misappropriated or infringed.  Thus, the Court **DISMISSES** Walsh's

seventh and eighth causes of action **WITH LEAVE TO AMEND.**  If Walsh reasserts these causes of action in an amended pleading, he must state, with particularity, what intellectual property Walsh owns (be it trade secret, copyright, trademark, etc.), how Rokoko misappropriated or infringed it, and the resulting damages to Walsh.

> 6.    *Violation of the DMCA (Count 9)*

Walsh's ninth cause of action is for violation of the DMCA.  (Compl. 47–49.) Section 1201 of the DMCA prohibits circumvention of "technological measure[s] that effectively control[] access to" works protected by the DMCA.  17 U.S.C § 1201. Section 1202 prohibits, among other things, falsifying, altering, or removing copyright management information ("CMI").  *Id.* § 1202(a)–(b).  CMI is information that could tend to identify the true title or author of a copyrighted work.  *See id.* § 1202(c).  Only people "injured by a violation of section 1201 or [section] 1202 may bring a civil action" for such violation.  *Id.* § 1203.

Walsh's DMCA claim fails because he has not established that he has statutory standing to assert the claim.  Although he alleges that Rokoko transmits, removes, and modifies metadata, (Compl. 47–49), he fails to establish that he is the author of any copyrighted work, let alone that Rokoko modified any metadata that may have caused him injury.  Thus, the Court **DISMISSES** Walsh's ninth cause of action **WITH LEAVE TO AMEND**.

> 7.    *Unconscionable Contract Terms (Count 10)*

Walsh's tenth cause of action asserts "unconscionable contract terms" under California Civil Code section 1670.5.  (Compl. 49–54.)  However, this code section "does not create an affirmative cause of action."  *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766 (1989).  Instead, the section empowers trial courts to "refuse to enforce" an unconscionable contract term, for instance, in a breach of contract case.  *Id.*  Thus, the Court **DISMISSES** Walsh's tenth cause of action **WITHOUT LEAVE TO AMEND**.

8.    *Fraud-Based Claims (Counts 11–12)*

Walsh's eleventh and twelfth causes of action are both fraud-based claims: fraud in the inducement and fraudulent misrepresentation.  (Compl. 56–71.)  As noted earlier, plaintiffs alleging fraud must satisfy Rule 9(b), which requires plaintiffs to plead "'the who, what, when where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106.

Walsh fails to satisfy Rule 9(b)'s heightened pleading requirement for either of these claims.  In his eleventh cause of action, fraud in the inducement, Walsh simply states that "consumers were provided an alternate reality from actuality." (Compl. 56.)  Walsh does not explain specifically plead the "who, what, when, where, and how" of the alleged fraudulent inducement sufficient to satisfy Rule 9(b).  *Vess*, 317 F.3d at 1106.   In his twelfth cause of action, fraudulent misrepresentation to investors, Walsh several specific statements by Rokoko, (Compl. 67–68), but fails to plausibly plead how he relied on these statements and how these statements caused him injury.  *Bezaire*, 12 Cal. App. 3d at 893.  Simply stating that he was "exposed" to Rokoko's misrepresentations and pronouncing that "harm is well established," is not enough to carry Walsh's burden to plead fraud with particularity as required under Rule 9(b), especially when some of these statements were made after he purchased the products here.

Thus, the Court **DISMISSES** Walsh's eleventh and twelfth causes of action **WITH LEAVE TO AMEND**.

9.    *Fraudulent Concealment (Count 13)*

While Walsh's thirteenth cause of action, fraudulent concealment, is also a fraud-based claim, the Court addresses it separately because Walsh "asserts he is not seeking damages for fraudulent concealment."  (Compl. 71.)  Instead, he asks the Court only to "recognize it, and [its] evidence as a matter of record and while making decisions upon this case."  (*Id.*)  As Walsh admits that he does not seek redress for this claim, or that he suffered any injury, the Court finds that Walsh has no standing to

bring this claim and **DISMISSES** Walsh's thirteenth cause of action **WITHOUT LEAVE TO AMEND**. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (holding that a plaintiff must demonstrate that it is "likely" that his "injury will be redressed by a favorable decision").

　　　　10.　　*Illegal Deployment of Code and Privacy Violations (Count 14)*

Walsh's fourteenth and final cause of action is for "illegal deployment of code and privacy violations." (Compl. 55–56.) He generally alleges that Rokoko created a "secret backdoor" within Walsh's software, allowing Rokoko to "send remote-client side code of any type." (*Id.*) Walsh cites five different statutes as the bases for this cause of action: (1) 18 U.S.C. § 1030, (2) 18 U.S.C. § 2510, (3) California Penal Code section 502, (4) California Penal Code section 631, and (5) California Consumer Privacy Act.

This claim fails because the Court cannot discern what legal theory Walsh is attempting to advance. *See Balistreri*, 901 F.2d at 699 ("Dismissal can be based on the lack of a cognizable legal theory."); *see also Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1157 (N.D. Cal. 2013) (dismissing in part because "Plaintiff cites a number of legal theories for the same claim").

Thus, the Court **DISMISSES** Walsh's fourteenth cause of action **WITH LEAVE TO AMEND**. If Walsh chooses to amend this claim, Walsh must also identify under which statute he brings this claim.

## V.　　CONCLUSION

For the reasons discussed above, the Court **DENIES** Walsh's Motion to Strike, (Dkt. No. 49), and **GRANTS** Rokoko's Motion to Dismiss, (Dkt. No. 42). Specifically, the Court dismisses Walsh's first, third, seventh, eighth, ninth, eleventh, twelfth, and fourteenth causes of action **WITH LEAVE TO AMEND**. The Court dismisses Walsh's remaining causes of action **WITHOUT LEAVE TO AMEND**.

If Walsh chooses to file a First Amended Complaint, he must do so no later than **twenty-one (21) days** from the date of this order, and Rokoko shall answer or

otherwise respond no later than **fourteen (14) days** of the filing.  Failure by Walsh to timely amend will result in dismissal of this action with prejudice.

The Court admonishes Walsh that any amended pleadings must adhere to the pleading standards set forth in Rule 8(a).  Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . **a short and plain statement** of the claim showing that the pleader is entitled to relief." (emphasis added)).

**IT IS SO ORDERED.**

December 22, 2025

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**