MATTHEW R. WALSH

19197 GOLDEN VALLEY RD #333

SANTA CLARITA, CA 91387

(661) 644-0012

Plaintiff In Pro Per,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW R. WALSH<br><br>         Plaintiff In Pro Per,<br><br>vs.<br><br>ROKOKO ELECTRONICS (AND DOES 1 THROUGH 50, INCLUSIVE)<br><br><br>         Defendant | Case No.: 2:25-CV-05340-ODW-RAO<br><br>*[Assigned to Hon. Otis D. Wright, II, Courtroom 5D; Hon. Rozella A. Oliver, Courtroom 590]*<br><br>Hearing Date: January 26, 2025<br>Hearing Time: 1:30 PM<br><br>**DECLARATION OF MATTHEW R. WALSH re: FABRICATED AND INVALID CASELAW** |

I, Matthew R. Walsh, declare I am the Plaintiff in this matter. I have personal knowledge of the following facts and if called as a witness I could and would testify competently hereto. All text, images and exhibits herein are true and accurate copies which I have received or have made and I am authenticating all of them under the penalty of perjury.

~ 1 ~

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1. Throughout this case, Defendant has used and relied on AI-fabricated or invalid caselaw and legal authorities about 34 times.

2. Defendant sent a Rule 11 safe harbor letter (Docket #75) to attempt to prevent Plaintiff from issuing subpoenas. The authorities were fabricated.

3. Plaintiff filed (Docket #77) which lists about 12 authorities which do not exist as presented and almost all of which were vacated and are not authorities. Plaintiff asked ChatGPT if it generated them, it said yes.

4. Defendant then threatened Plaintiff using a Rule 11 letter which promised:

   a. Moving for sanctions within 21-days and other penalties if he does not remove the RJN showing that the cases used do not exist.

   b. Defendants would oppose the RJN.

   c. Defendants never did either.

5. Defendant attempted to prove to Plaintiff that their caselaw was valid by sending over their LEXIS pdf files  (Dkt #84, Ex. 2). Plaintiff read them by hand, then ran forensic checks on them; **forensic checks show that**

~ 2 ~

**Defendant's LEXIS PDF files prove the caselaw they used was fabricated** (Dkt #80-4).

6. During only the second meet and confer session to ever occur, Defendant once again demanded that Plaintiff remove all filings which claim they use fabricated caselaw. This was documented in (Dkt #86). Plaintiff declined.

7. Plaintiff moved the Court for Default citing 9th circuit and CACD cases in which parties were terminated for the same. Defendant opposed. **In their opposition, the caselaw used there was also entirely invalid/fabricated.** (Dkt #99)

Executed this 10th day of December, 2025, in Santa Clarita, California.

Matthew R. Walsh
Plaintiff In Pro Per

~ 3 ~

# EXHIBIT 1

Defendant's safe harbor letter demanding I remove the RJN. They threatened sanctions and also stated they would file an opposition to the RJN. They never opposed and never sought sanctions.

**ReedSmith**
Driving progress
through partnership

Reed Smith LLP
515 S. Flower Street
Suite 4300
Los Angeles, CA 90071
+1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

Katherine J. Ellena
Direct Phone: +1 213 457 8254
Email: kellena@reedsmith.com

September 30, 2025

**By Electronic Mail**

Matthew R. Walsh
19197 Golden Valley Rd. #333
Santa Clarita, CA 91387
(661) 644-0012
matthew@winteryear.com

Re:     Federal Rule of Civil Procedure, Rule 11 Letter Regarding Plaintiff's September 29, 2025
        "Request for Judicial Notice Re: Defendant's Reliance on Fabricated Caselaw"

Dear Mr. Walsh:

We write pursuant to Federal Rule of Civil Procedure, Rule 11 regarding your frivolous filing on September 29, 2025 titled "Request for Judicial Notice Re: Defendant's Reliance on Fabricated Caselaw" in which you falsely accuse Rokoko of relying on authorities in its September 25, 2025 meet and confer letter to you that are either AI-generated or that do not contain the quoted statements for which they were cited by Rokoko.

Federal Rule of Civil Procedure, Rule 11 imposes a duty on a party signing a pleading "to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see also* Fed. R. Civ. P. 11. The purpose of the rule is to deter baseless filings. *Cooter*, 496 U.S. at 393; *Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356, 1362 (Fed. Cir. 2003) (quoting *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) (the "1993 amendment to Rule 11 emphasizes an attorney's continuing obligations to make inquiries, and thus the rule allows sanctions when an attorney continues 'insisting upon a position after it is no longer tenable.'")). Thus, a party is subject to Rule 11 sanctions if it continues to advocate claims after learning they lack merit. *See* Fed. R. Civ. P. 11, advisory committee note to 1993 amendments, (Rule 11 violations "include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they have ceased to have any merit."); Fed. R. Civ. P. 11(b); *Phonometrics*, 349 F.3d at 1362.

Even a cursory review of the authorities cited by Rokoko, which are enclosed herewith, demonstrate that your Request for Judicial Notice, which you signed under penalty of perjury, is meritless. We therefore demand that you withdraw your Request for Judicial Notice within twenty-one (21) days of the date of this letter. *See* Fed. R. Civ. P. 11(c)(2). If the Request for Judicial Notice is not withdrawn within the twenty-one (21) day safe harbor period, please be advised that Rokoko will apply for relief under the Federal Rules, including sanctions and recovery of the allowable attorneys' fees and costs. In

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Matthew R. Walsh
September 30, 2025
Page 2

**ReedSmith**

the interim, please be advised that Rokoko will be filing a response in opposition to your Request for Judicial Notice alerting the Court to your frivolous filing.

Rokoko reserves all rights and waives none.  Please be guided accordingly.

Best,

Katherine J. Ellena
Reed Smith LLP

KJE:hv

Enclosures