**O**

# United States District Court
# Central District of California

MATTHEW R. WALSH,

            Plaintiff,

   v.

ROKOKO ELECTRONICS et al.,

            Defendants.

Case № 2:25-cv-05340-ODW (RAOx)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [167]**

## I.   INTRODUCTION

Plaintiff Matthew R. Walsh brings this action against Defendant Rokoko Electronics, alleging that Rokoko infringed his intellectual property. (Second Am. Compl. ("SAC") 17, Dkt. No. 114.) Walsh now moves for summary judgment on his remaining copyright infringement claim under Federal Rule of Civil Procedure ("Rule") 56. (Mot. Summ. J ("Motion" or "Mot.") 21, Dkt. No. 167.) For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

In 2017, Walsh finished a video game titled "The Next World." (Decl. Matthew Walsh ISO Mot. ("Walsh Decl.") Ex. 12 ("Copyright Registration"), Dkt. No. 167-1.) He later registered the video game with the United States Copyright Office, with the registration number PAu 4-279-489 (the "Copyright Registration"). (*Id.*)

In or about August 2020, Walsh purchased hardware products from Rokoko. (AMF 15, Dkt. No. 173-3.) Walsh used these products to create motion capture animation files for his video game. (AMF 16.)[3] Walsh alleges Rokoko used these files to train its artificial intelligence model and then sub-licensed the files to third-parties. (SAC 17; Mot. 11 ("Plaintiff's works were created between 2020–2024 . . . .").)

On May 12, 2025, Walsh brought this action against Rokoko in state court. (NOR 1, Dkt. No. 1.) After removal and substantial motion practice, only one cause of action remains: Walsh's copyright infringement claim. (*See* Order Grant Mot. Dismiss ("MTD Order") 11, Dkt. No. 197.) Walsh now moves for summary judgment on his copyright infringement claim. (Mot. 21.)

## III.    LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" where it might affect the outcome of the suit under the governing law, and the dispute is "genuine"

---

[2] The Court derives the factual background, some of which is disputed, from Walsh's Statement of Uncontroverted Facts ("SUF"), Rokoko's Additional Material Facts ("AMF"), and Responses thereto (collectively, the "Statements"), in addition to the parties' clearly and specifically cited evidence. *See* C.D. Cal. L.R. 56-1 to 56-4. Although both parties object to portions of the other's evidence, all of the material to which they object is unnecessary to the resolution of the Motion, and the Court need not resolve the objections.

[3] Although Walsh indicates that he disputes this fact, he disputes only the assertion that he used other versions of Rokoko products. (Pls.' Resp. AMF 16, Dkt. No. 174-1.) He does not dispute that he used Rokoko products, generally, to create the motion capture animation files at issue.

where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Courts should grant summary judgment against a party who fails to make a sufficient showing on an element essential to her case when she will ultimately bear the burden of proof at trial. *Id.* In ruling on summary judgment motions, courts "view the facts and draw reasonable inferences in the light most favorable" to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation modified).

The Court may assume that material facts claimed and adequately supported are undisputed except to the extent that such material facts are (a) included in the opposing party's responsive statement of disputes *and* (b) controverted by declaration or competent written evidence. C.D. Cal. L.R. 56-4. The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced. *Id.*

## IV. DISCUSSION

Walsh moves for summary judgment on his copyright infringement claim. (Mot. 21.) To establish copyright infringement, plaintiffs must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiffs bear the burden of proving copyright ownership. *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 962 (9th Cir. 2011). "A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (citing 17 U.S.C. § 410(c)); *see also Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) ("To plead ownership, [a plaintiff] must plausibly allege it owns a valid copyright registration for its work.").

Here, Walsh fails to prove that he owns the copyrights at issue. In his Motion, Walsh unequivocally states that the works at issue "were created between 2020 [and] 2024." (Mot. 11.) However, the Copyright Registration on which he relies clearly states that Walsh completed his copyrighted work—The Next World—in 2017. (Copyright Registration.) Plainly then, and by Walsh's own admission, the Copyright Registration cannot cover the works at issue here. Without a valid copyright registration, Walsh cannot demonstrate that he owns the copyrights at issue. *Malibu Textiles*, 922 F.3d at 951.

Regrettably too, Walsh does not even attempt to address this inconsistency in his reply brief, arguing only that the "Court has already determined that Plaintiff satisfies the threshold requirement to bring a copyright claim." (Reply 13–15, Dkt. No. 174.) However, Walsh misapprehends the legal standards at play. When he brings a motion for summary judgment, it is him who must first make a "showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23.

As Walsh fails to demonstrate ownership of the copyrights at issue, the Court finds that Walsh has not met his burden on summary judgment. Moreover, having now been provided with the Copyright Registration on which Walsh relies, the Court doubts whether Walsh can prevail on his copyright infringement claim because it appears he has not registered the copyrights on which he premises the claim. Specifically, although the Copyright Registration states Walsh completed his work in 2017, Walsh created the copyrights at issue here between 2020 and 2024, meaning they appear to be unregistered. Without registering the copyrights at issue, Walsh would lack statutory standing to bring a claim for infringement of those copyrights. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019) (holding that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made."). Thus, the Court **ORDERS** Walsh to **SHOW CAUSE**, within **seven (7) days** of this

Order, why the Court should not dismiss this case for failure to state a claim pursuant to Rule 12(b)(6). *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6)."). Rokoko may reply to Walsh's response within **seven (7) days** of its filing.

**V.    CONCLUSION**

For the reasons discussed above, the Court **DENIES** Walsh's Motion for Summary Judgment. (Dkt. No. 167.) The Court also **ORDERS** Walsh to **SHOW CAUSE**, within **seven (7) days** of this Order, why the Court should not dismiss this action for failure to state a claim. Rokoko may reply to Walsh's response within **seven (7) days** of its filing.

**IT IS SO ORDERED.**

June 23, 2026

                                               _____

                                               **OTIS D. WRIGHT, II**
                              **UNITED STATES DISTRICT JUDGE**